THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS LEONARD, Defendant-Appellant.

Fourth District   No. 4—89—0921

Opinion filed September 6, 1990.—Rehearing denied October 15, 1990.

Richard D. Frazier and Michael B. Metnick, both of Metnick & Barewin, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant Thomas J. Leonard pleaded guilty to theft over $300 and was sentenced to 7 days in jail and 24 months' probation. Defendant's motion to withdraw his guilty plea was denied. On appeal, defendant argues he was denied effective assistance of counsel because his trial counsel failed to inform defendant that if the value of the stolen property, four used auto tires with rims, was less than $300, the theft offense would have been a misdemeanor, not a felony. Thus, defendant argues the trial court abused its discretion in denying defendant's Rule 604(d) motion. (107 Ill. 2d R. 604(d).) We affirm.

On April 4, 1989, defendant, age 18, was charged by information with theft of the tires and tire rims belonging to Kenneth Koebrich. The information was nol-prossed by an indictment filed on April 11, 1989. The theft occurred on April 4, 1989, when defendant and his companion were discovered in the possession of four auto tires on the rims, two hub spinners, and 18 chrome lug nuts, which had been removed from Koebrich's car in the parking lot of the Illinois State University (ISU) campus.

During the grand jury proceedings conducted on April 11, 1989, Tommy R. Kiper, the ISU police officer who discovered the theft, testified from his experience that the rally rims and chrome lug nuts were quite expensive. Kiper testified the rims, hub spinners, and lug nuts were worth over $300, not including the tires. Koebrich testified before the grand jury that the rims stolen were the more expensive type and he assumed the value of each tire with rim, hub spinner, and lug nuts was $100 to $150.

On June 26, 1989, defendant entered into a plea agreement whereby he would plead guilty to theft over $300 and receive a maximum sentence of 7 days in jail, 30 months' probation, and a fine of $300. After defendant was admonished in open court pursuant to Supreme Court Rule 402 (107 Ill. 2d R. 402), defendant's plea was accepted.

On October 10, 1989, defendant filed a motion to withdraw his guilty plea. Defendant alleged that his trial attorney, public defender Steve Yoder, did not investigate the value of the items stolen but relied exclusively on the grand jury testimony. Defendant alleged that since an independent investigator had evaluated stolen property at less than $300, defendant (1) did not receive effective assistance of

counsel, and (2) pleaded guilty based on mistaken facts and representations. In an affidavit attached to the motion, defendant asserted his trial counsel (1) never told him that if the value of the property was less than $300 the offense would be a misdemeanor, not a felony; and (2) never explained the adverse consequences of a felony conviction on his goal to obtain a teacher's certificate. Defendant further stated he would not have pleaded guilty to the charged offense if he had known there was no independent investigation and if he had known of the consequences of a felony conviction. In an affidavit, the investigator, a paralegal employed by defendant's counsel's law firm, stated that based on his conversations with a few tire dealers, the tires stolen had a value of less than $300.

At a hearing on October 31, 1989, the court received two additional affidavits: one from the first owner of Koebrich's car, and another from an owner of a used auto parts business. The used auto parts owner stated all four tires and rims were worth less than $300. The previous owner of the car stated he bought the car in 1978 and the tires stolen by the defendant were the original tires on the car.

After considering the transcripts from the guilty plea hearing, the trial judge concluded defendant did not misapprehend anything when entering his plea and, therefore, there was no basis for allowing the withdrawal of the guilty plea. The trial judge stated the following with regard to the dispute over the value of the stolen property:

> "Now we have affidavits from a number of people who suggest they may have an opinion here that this property or this type of property would have a value of something less than $300. Whether or not there [sic] would be accepted by any trier of fact those opinions should they be presented to them as opposed to the owner's opinion is certainly not anything that can be concluded at this point."

Whether to permit a plea of guilty to be withdrawn is within the sound discretion of the trial court. (*People v. Bachman* (1984), 127 Ill. App. 3d 179, 182, 468 N.E.2d 817, 820.) The exercise of such discretion will not be disturbed unless it appears (1) the guilty plea was entered based on a misapprehension of fact or law; (2) defendant has a defense worthy of consideration; or (3) there is doubt as to the guilt of the defendant and the ends of justice would best be served by submitting the case to a trial. (*People v. Spicer* (1970), 47 Ill. 2d 114, 264 N.E.2d 181.) A defendant bears the burden of proving he entered the plea under a misapprehension of fact or law by showing " 'the circumstances as they existed at the time of

the plea, judged by objective standards, reasonably justified his mistaken impression.' " *People v. Hale* (1980), 82 Ill. 2d 172, 176, 411 N.E.2d 867, 868, quoting *United States ex rel. Curtis v. Zelker* (2d Cir. 1972), 466 F.2d 1092, 1098.

■ The record establishes defendant was fully admonished as to the nature of the charges and did not misapprehend the facts at the time of entering the plea agreement. After a factual basis for the plea was given, a discussion of the value of the property was had and the State represented that Koebrich had valued the property at more than $300. Defendant agreed the State's representations were accurate.

■ We do not find defendant's argument that his trial counsel was ineffective persuasive. The value of the property taken is an element of felony theft which must be proved by the State beyond a reasonable doubt. (*People v. Dell* (1972), 52 Ill. 2d 393, 288 N.E.2d 459.) The determination of the value of stolen property is for the trier of fact, who assesses the weight to be given to the conflicting evidence of value. (*People v. Newton* (1969), 117 Ill. App. 2d 232, 254 N.E.2d 165.) As the trial judge noted, defendant's affidavits establish only that the value of the property is disputed but they did not *conclusively* establish the value was less than $300. Applying the test announced in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, we find defendant suffered no prejudice as a result of his trial counsel's representation.

For the foregoing reasons, defendant's conviction and sentence for felony theft are affirmed.

Affirmed.

KNECHT, P.J., and SPITZ, J., concur.