THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREGORY DICKERSON, Defendant-Appellant.

Second District   No. 2—89—1096

Opinion filed April 19, 1991.—Rehearing denied May 15, 1991.

G. Joseph Weller and David W. Devinger, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Gregory Dickerson, pleaded guilty to the offense of intimidation (Ill. Rev. Stat. 1987, ch. 38, par. 12—6(a)(1)) and was sentenced to 30 months' probation, 12 months' periodic imprisonment and 100 hours' community service. The trial court denied defendant's motion to withdraw his guilty plea, and defendant appeals. Defendant contends that (1) the trial court's order denying his motion to withdraw his guilty plea should be reversed and the cause remanded for a rehearing because defense counsel failed to comply with Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)), and (2) the trial court erred in imposing a consecutive sentence.

Pursuant to negotiations with the State that he would not be sentenced to the penitentiary, defendant pleaded guilty. At the guilty plea hearing, the trial court admonished defendant of various constitutional rights; the assistant State's Attorney recited a factual basis for the plea, and defense counsel stipulated to the factual basis. The stipulated facts establish that sometime prior to February 23, 1989, Morris Gray obtained cocaine from defendant but failed to pay for it. Thereafter, defendant contacted Morris Gray's father, Elmer Gray, and told him that if defendant did not get his money, Elmer or a member of his family could get hurt. The court found that there was a sufficient factual basis for the plea and that there had been a knowing and voluntary waiver of the right to trial. The court conditionally accepted the guilty plea and ordered a presentence report.

Following a sentencing hearing, the trial court sentenced defendant to 30 months' probation, 12 months' periodic imprisonment and 100 hours' community service. Subsequently, defendant filed a motion to withdraw his guilty plea, and the trial court denied the motion.

On appeal, defendant first contends that the cause must be remanded for a rehearing on his motion to withdraw his guilty plea because defense counsel failed to file a Rule 604(d) certificate. The rule, which sets forth the requirements for a motion to withdraw a guilty plea, states in pertinent part:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant *** to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of the proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (134 Ill. 2d R. 604(d).)

In this case, no such certificate was filed.

Defendant contends that the trial court's failure to ascertain whether a Rule 604(d) certificate had been filed denied him a full and fair hearing on the motion. The State responds that substantial compliance with the rule is sufficient and that the record establishes that defense counsel performed the functions contemplated by the rule, that is, consulted with defendant, examined the court file and the report of the proceedings and amended the motion as necessary. The State's position cannot be sustained.

■■ Suffice it to say, first of all, that we have carefully reviewed the record and do not find it nearly so clear as the State would have us believe that defense counsel took the actions called for in the rule. While it is debatable that he may have consulted with defendant, it is highly unlikely he examined the report of proceedings of the guilty plea since a transcript of those proceedings was not filed until two months after the hearing on defendant's motion to withdraw his plea. Second, and far more importantly, the rules adopted by the supreme court concerning criminal defendants and guilty pleas are rules of procedure and not suggestions; it is incumbent upon counsel and the courts alike to follow them. (*People v. Wilk* (1988), 124 Ill. 2d 93, 103.) Although *Wilk* involved Rule 604(d)'s requirement of the timely filing of motions to withdraw guilty pleas, the supreme court directed its comments to the entire rule. (See *Wilk*, 124 Ill. 2d at 103-04.) It now appears that, pursuant to *Wilk*, strict compliance with the dictates of Rule 604(d) is required.

In *People v. Hayes* (1990), 195 Ill. App. 3d 957, the fifth district, after discussing the various earlier interpretations of the rule, focused heavily on *Wilk* and concluded that a relaxed standard of compliance was not acceptable. The court indicated it no longer approached cases involving failure to comply with Rule 604(d) in terms of whether the

error was harmless or prejudicial, but instead applied a rule of strict compliance. We concur with the *Hayes* court's interpretation of the principles set forth in *Wilk*.

■■■ Because of the strict waiver requirements of Rule 604(d) (any issue not raised by the defendant in his motion to withdraw his guilty plea is deemed waived), fundamental fairness requires that the defendant have the assistance of counsel in preparing and presenting his motion. (See *People v. Ledbetter* (1988), 174 Ill. App. 3d 234, 237-38.) Rule 604(d) sets forth defense counsel's duties in this regard and provides a simple, straightforward and *mandatory* procedure designed to insure that those duties are performed and, thus, that defendant's due process rights are protected. (See *Wilk*, 124 Ill. 2d at 103-04.) Adherence to a rule of strict compliance with the certificate requirement will not place an onerous burden on defense counsel, and, significantly, it will eliminate unnecessary appeals. Accordingly, we hold that where defendant has not waived counsel, the filing of the defense attorney's Rule 604(d) certificate is a condition precedent to a hearing on defendant's motion to withdraw his plea of guilty and to vacate the judgment.

In view of the relatively high frequency with which trial counsel and trial courts have in the past ignored the principles enunciated in *Wilk* by failing to comply with the requirements of Rule 604(d), we no longer adhere to the harmless error analysis of Rule 604(d) violations as set forth in *People v. Steinmetz* (1982), 110 Ill. App. 3d 439, and *People v. Hopson* (1981), 101 Ill. App. 3d 564, and similar second district opinions.

■■ In light of the conclusion we have reached above, the trial court's order denying defendant's motion to withdraw his guilty plea must be reversed and the cause remanded to the circuit court for a rehearing on the motion. We note that the position we take today is consistent with that adopted by other appellate districts in cases decided subsequent to *Wilk* and *Hayes*. Strict compliance with Rule 604(d) was required in *People v. Hancock* (1991), 208 Ill. App. 3d 1092 (fourth district), *People v. Vickery* (1991), 207 Ill. App. 3d 574 (third district), and *People v. Johnson* (1990), 207 Ill. App. 3d 122 (fourth district).

Although defendant did not specifically raise a sentencing issue in his post-trial motion at the trial level, such issue was raised on appeal under the substantial error doctrine (134 Ill. 2d R. 615(a)) premised on the imposition of an unauthorized sentence (the effect of a sentence of probation to be served consecutively to a sentence of imprisonment) affecting substantial rights. In light of the supreme court's recent decision in *People v. Wallace* (1991), 143 Ill. 2d 59, which discussed the

rule relating to the appeal of sentencing orders in criminal cases, we elect not to address the sentencing issue at this time because the principles set forth in *Wallace* may possibly be applied on remand.

The judgment of the circuit court of Lake County denying defendant's motion to withdraw the plea of guilty and vacate the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

REINHARD, P.J., and DUNN, J., concur.