THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DAVID RAMAGE, Defendant-Appellant.

Second District   No. 2—90—1311

Opinion filed June 17, 1992.

G. Joseph Weller and Beth Katz, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan, and Edmond Urban, of Oak Forest (William L. Browers and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendant, David Ramage, was charged by indictment with 11 counts of child pornography (Ill. Rev. Stat. 1989, ch. 38, par. 11–20.1(a)(2)). After defendant pleaded guilty to three of the charges, the court sentenced him to 30 months' probation and ordered him to undergo counseling. The sole issue on appeal is whether the trial court erred, prior to sentencing, by denying defendant's motion to withdraw his guilty pleas because the court failed to determine if defendant's counsel had filed a certificate pursuant to Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)). We reverse and remand for a new hearing on defendant's motion.

The indictments charged that in June and July 1990 defendant disseminated various magazines depicting lewd exhibitions of children under the age of 18. On September 7, 1990, defendant pleaded guilty to three of the charges, and, after admonishing defendant and finding there was a factual basis for the charges, the trial court conditionally accepted defendant's guilty pleas. The other charges were subsequently nol-prossed.

On October 17, 1990, just *prior* to the sentencing hearing, defendant filed and presented a motion to withdraw his pleas, raising a defense of entrapment. The trial court denied defendant's motion, unconditionally accepted his guilty pleas, and sentenced him to a period of 30 months' probation and ordered him to undergo counseling.

After pronouncing sentence, apparently believing that defendant had complied with Supreme Court Rule 604(d) (134 Ill. 2d 604(d)) because defendant had already filed a written motion to withdraw his

pleas, the court did not admonish defendant to file a new Rule 604(d) motion within 30 days to preserve his right of appeal. The trial judge stated: "In order to appeal, you must within 30 days file with the Court a written motion asking—no, you don't. You've already done that." The court did advise defendant regarding his right to appeal the judgment within 30 days, the availability of counsel and the provision of free transcripts. Defendant filed this timely appeal.

Defendant argues that the trial court committed reversible error by denying his motion to withdraw his guilty pleas without determining whether defense counsel had filed a certificate pursuant to Rule 604(d). Supreme Court Rule 604(d) provides in part that defense counsel must file a certificate stating that he has consulted with defendant to ascertain his contentions of error and has examined the court file and the report of the proceedings in order to present adequately defendant's contentions of error. 134 Ill. 2d R. 604(d).

The State contends that this court should not consider the applicability of the certification requirements spelled out in Rule 604(d) where defendant's motion to withdraw his guilty pleas was premature. The State points to the fact that defendant's motion was filed *prior* to sentencing. The State argues that defendant did not scrupulously follow Rule 604(d) by filing his motion to withdraw his pleas and vacate the judgment within 30 days *after* the imposition of the sentence, as required by the rule.

Although the State does not couch its arguments in jurisdictional terms, we have an independent duty to examine whether we have jurisdiction to hear an appeal. (See *People v. Ishmon* (1991), 213 Ill. App. 3d 653, 655, citing *Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440.) The filing of a motion to withdraw the plea and vacate the judgment pursuant to Rule 604(d) is a jurisdictional condition precedent to an appeal from a defendant's plea of guilty. (*People v. Radunz* (1989), 180 Ill. App. 3d 734, 739; *People v. Potts* (1985), 136 Ill. App. 3d 1059, 1061.) In cases where defendant has pleaded guilty, is sentenced and fails to file such a motion, dismissal of the appeal is normally the proper disposition of the cause. (See, *e.g., Ishmon*, 213 Ill. App. 3d at 656; *Potts*, 136 Ill. App. 3d at 1064.) However, a defendant may be excused from the precise requirements of Rule 604(d) if he was misled or prevented from doing so by an insufficient admonition pursuant to Rule 605(b) (134 Ill. 2d R. 605(b)) that he must file such a motion as a prerequisite to an appeal. *Radunz*, 180 Ill. App. 3d at 739; *People v. Balsar* (1989), 178 Ill. App. 3d 876, 879-80.

In the present case, defendant filed his motion to withdraw his pleas prior to sentencing. It is understandable that the trial court may

itself have been led to believe that this was sufficient to comply with Rule 604(d), and, under the circumstances, the trial court should not be faulted. Until recently, conflicting appellate decisions regarding strict compliance with the requirements of Rule 604(d) may have sent a mixed message to the bench and the bar. (See *People v. Hancock* (1991), 208 Ill. App. 3d 1092, 1093-94.) In *People v. Paul* (2d Dist. 1981), 93 Ill. App. 3d 302, under circumstances similar to the case at bar, this court declined to apply the strict rule enunciated in *People v. Hale* (4th Dist. 1979), 77 Ill. App. 3d 721, *rev'd on other grounds* (1980), 82 Ill. 2d 172. (*Paul*, 93 Ill. App. 3d at 310.) The *Hale* court held that, where a court heard and denied a defendant's motion to withdraw his plea prior to sentencing, a defendant could only perfect his appeal and satisfy Rule 604(d) by filing another motion within 30 days after the imposition of sentence. *Hale*, 77 Ill. App. 3d at 722.

In *Paul*, the defendant's Rule 604(d) motion was filed prior to sentencing, and the trial court noted that defendant had already filed a motion, stating, "so that's taken care of." The reviewing court observed that the order denying the motion to withdraw was not signed and entered of record until after the sentence was imposed. The *Paul* court concluded that it would be unfair to refuse to consider the appeal on the precedent of *Hale* due to defendant's failure to file a second motion, a motion which the *Paul* court believed would have been wholly redundant and unnecessary. (*Paul*, 93 Ill. App. 3d at 310.) In *People v. Potts* (5th Dist. 1985), 136 Ill. App. 3d 1059, the reviewing court declined to follow *Paul*, preferring instead to follow the reasoning in *Hale* and requiring that a defendant who files a premature Rule 604(d) motion to withdraw his plea must renew his motion by assiduously following Rule 604(d) in order to preserve his right to appeal. See also *People v. Gamboa* (3d Dist. 1992), 225 Ill. App. 3d 668, 670-71 (a defendant is allowed *no* deviation from the statutory procedure required in Rule 604(d)).

■ We note that *Paul* was decided prior to *People v. Wilk* (1988), 124 Ill. 2d 93, in which our supreme court emphasized the mandatory nature of the conditions precedent to an appeal spelled out in Rule 604(d). Following *Wilk*, courts have construed Rule 604(d) narrowly and have insisted on strict rather than substantial compliance with the rule. (See *People v. Dickerson* (1991), 212 Ill. App. 3d 168, 171 (and cases cited therein).) It is now well settled that the timely filing of a Rule 604(d) motion after the imposition of sentence is a jurisdictional condition precedent to an appeal where a defendant has pleaded guilty.

In view of these developments, we believe that our prior decision in *Paul*, to the extent that it suggests that a Rule 604(d) motion need not

be renewed to perfect an appeal after a premature motion has been filed and heard, should no longer be followed, and to that extent it is overruled. A premature motion filed prior to sentencing does not satisfy Rule 604(d) for purposes of an appeal. The language of the rule makes it clear that such a motion MUST be filed within 30 days after the imposition of sentence. Since the filing of such a motion is MANDATORY for purposes of appeal, it cannot be waived by the trial court or by defendant. See *Gamboa*, 225 Ill. App. 3d at 668.

■ Under the circumstances presented in the case at bar, defendant should not be penalized for failing to renew his Rule 604(d) motion where he may have been misled or prevented from filing his post-sentence motion. Pursuant to *People v. Radunz* (180 Ill. App. 3d at 739), we elect to consider the merits of the issue raised by defendant: that trial counsel did not satisfy the certification requirement of Rule 604(d). We find no evidence in the record that the certification procedure was followed. In *Dickerson*, this court held that, where a defendant has not waived counsel, the filing of the defense attorney's Rule 604(d) certificate is a condition precedent to a hearing on defendant's motion to withdraw his plea of guilty and to vacate the judgment. Thus, where the trial court denied defendant's motion to withdraw his guilty plea without defense counsel's compliance with the certification requirement of Rule 604(d), we reversed the judgment and remanded the cause for further proceedings. *Dickerson*, 212 Ill. App. 3d at 171-72; accord *People v. Kendall* (1991), 213 Ill. App. 3d 782, 786.

In this case, the proper disposition is to remand the cause to the trial court for further proceedings. Defendant will be allowed to file a new motion to withdraw his guilty pleas and will be allowed a hearing on the new motion. (See *Gamboa*, 225 Ill. App. 3d at 672; *Kendall*, 213 Ill. App. 3d at 786.) It is incumbent upon the trial court to insist that defense counsel comply with the certification requirements before allowing a hearing on the motion because certification is a condition precedent to a hearing on the motion. *People v. Reed* (1991), 213 Ill. App. 3d 855, 857.

For the foregoing reasons, the judgment of the circuit court of Lake County denying defendant's motion to withdraw the pleas of guilty is reversed, and the cause is remanded with directions.

Reversed and remanded with directions.

DUNN and DOYLE, JJ., concur.