THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KATHELENA DAVIS, Defendant-Appellant.

Second District   No. 2—92—0499

Opinion filed January 20, 1994.—Rehearing denied February 23, 1994.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers, Cynthia N. Schneider, and Norbert J. Goetten, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE QUETSCH delivered the opinion of the court:

On January 16, 1992, defendant, Kathelena Davis, was charged by information with forgery (count I) (Ill. Rev. Stat. 1991, ch. 38, par. 17—3(a)(1) (now 720 ILCS 5/17—3(a)(1) (West 1992))), unlawful use of a credit card (count II) (Ill. Rev. Stat. 1991, ch. 17, par. 5921 (now 720 ILCS 250/8 (West 1992))), and possession of a fictitious driver's license (count III) (Ill. Rev. Stat. 1991, ch. 95½, par. 6—301.1(b)(3) (now 625 ILCS 5/6—301.1(b)(3) (West 1992))). On February 14, 1992, pursuant to plea negotiations, defendant entered a plea of guilty to the forgery charge, count I.

After admonishing defendant of her rights and hearing the factual basis of the plea, the court accepted her plea, entered judgment thereon, and sentenced her to a four-year term of imprisonment. The report of proceedings does not show that the trial court admonished

defendant of the prerequisites of her right of appeal. See 134 Ill. 2d Rules 604(d), 605(b).

On February 20, 1992, within 30 days of the entry of her guilty plea, defendant *pro se* filed a letter in the circuit court in which she complained of the inadequacy of her legal representation and her misunderstanding of the terms of the negotiated plea; she requested that her plea be withdrawn. In open court on February 21, 1992, she orally requested that her plea be withdrawn, and the court continued the cause so that appointed counsel could prepare an amended written motion. A transcript was ordered.

After several continuances, on April 16, 1992, defense counsel filed a formal written motion to vacate the guilty plea. In seeking leave to file the motion, defense counsel orally stated to the trial court that he had reviewed the transcript and had discussed it with defendant. On April 22, the trial court denied the motion to withdraw the plea and to vacate the judgment, and this timely appeal followed. The record does not show that defense counsel filed in the trial court a certificate stating that he has consulted with the defendant either by mail or in person to ascertain her contentions of error in the entry of the plea, has examined the trial court file and the report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for an adequate presentation of any defects in those proceedings. This certification is required by Supreme Court Rule 604(d). 134 Ill. 2d R. 604(d).

Citing our decision in *People v. Dickerson* (1991), 212 Ill. App. 3d 168, on appeal, defendant now asks this court to remand the cause for a new hearing on the motion to withdraw her guilty plea and vacate the judgment because defense counsel failed to comply strictly with the requirements of Rule 604(d). *Dickerson* and succeeding decisions of this court have mandated strict compliance with the rule. (See, *e.g., People v. Ramage* (1992), 229 Ill. App. 3d 1027; *People v. Kendall* (1991), 213 Ill. App. 3d 782, 786 (and cases cited therein).) The filing of a certificate is a condition precedent to the hearing on the motion to withdraw a guilty plea (*Ramage*, 229 Ill. App. 3d at 1031; *Dickerson*, 212 Ill. App. 3d at 171), and the failure to file a certificate may be deemed reversible error. (*People v. Reed* (1991), 213 Ill. App. 3d 855, 857.) The State argues essentially that defense counsel's verbal comments to the court on April 16, 1992, show that he complied with Rule 604(d) or that he substantially complied with the Rule and the formal filing of a certificate should be excused.

In arguing for less than strict compliance with Rule 604(d), the State cites *People v. Johnson* (1993), 154 Ill. 2d 227. There, the Illi-

nois Supreme Court stated that, although the certification requirement of Rule 651(c) governing post-conviction appeals was mandatory, the absence of defense counsel's affidavit could be excused where the record demonstrated that counsel had adequately fulfilled his duties as post-conviction counsel. However, in *Johnson*, it was also shown that counsel did not adequately perform his post-conviction duties, and the cause was remanded for further proceedings. We find *Johnson* inapposite, as it concerns a different certification procedure used in post-conviction proceedings; those proceedings provide a limited method of review to a defendant as well as limited representation by counsel so that substantial compliance with certification requirements may be deemed more acceptable in a post-conviction proceeding (see *People v. Davis* (1993), 156 Ill. 2d 149, 158-65) than in a proceeding affecting defendant's direct appeal.

The case at bar concerns compliance with Rule 604(d), which compliance is intended to safeguard a defendant's initial right to a direct appeal—a right which may be forever lost under the waiver rule if any appealable issue is not properly raised because Rule 604(d) has not been strictly followed. (See *People v. Kendall*, 213 Ill. App. 3d at 786.) *Johnson* does not stand for the proposition that strict compliance with Rule 604(d) must now be abandoned. The rule of strict compliance with Rule 604(d) has now been adopted in numerous appellate decisions, and, absent further direction from our supreme court, we find no compelling reason to abandon the rule or revisit our own decision in *Dickerson*. See, *e.g., People v. Denson* (1st Dist. 1993), 243 Ill. App. 3d 55 (and numerous cases cited therein); *People v. Ramage* (2d Dist. 1992), 229 Ill. App. 3d 1027.

The State has cited authority from the Appellate Court, Third District, which has determined to dismiss an appeal where Rule 604(d) was not strictly followed when counsel failed to file a certificate. (See *People v. Gilson* (3d Dist. 1993), 246 Ill. App. 3d 564.) However, here defendant *pro se* filed her motion to withdraw her plea in a timely manner in conformity with the rule. The filing of the certificate is a prerequisite to a hearing on the motion, and it is incumbent on the trial court to insist that defense counsel comply with the certification requirement before allowing a hearing on the motion. (*Ramage*, 229 Ill. App. 3d at 1031.) It is the timely filing of a Rule 604(d) motion which is the jurisdictional condition precedent to an appeal. *Ramage*, 229 Ill. App. 3d at 1030; 134 Ill. 2d R. 604(d).

We also observe that the trial court here did not admonish defendant on the record of the prerequisites to her appeal under Rule 604(d). We see no reason to penalize the defendant by depriving her of her

appeal merely because of the technical errors of counsel and of the trial court. (See *People v. Radunz* (1989), 180 Ill. App. 3d 734, 740.) We decline to follow *Gilson* in this case, and we adhere to the procedure followed in this district by reversing the judgment of the circuit court which denied defendant's motion and by remanding the cause for further proceedings. (*Ramage*, 229 Ill. App. 3d at 1031; see *Denson*, 243 Ill. App. 3d at 62-63.) Defendant shall be allowed to file a new motion to withdraw her guilty plea and shall be allowed a new hearing on the motion. The circuit court shall require that defense counsel comply fully with Rule 604(d) before proceeding to a hearing on the motion, and this compliance shall be shown in the record.

For the foregoing reasons, the judgment of the circuit court denying defendant's motion is reversed, and the cause is remanded with directions.

Reversed and remanded with directions.

GEIGER and BOWMAN, JJ., concur.