(No.73235)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RONALD J. JANES, Appellant.

*Opinion filed January 20, 1994.*

Charles M. Schiedel, Deputy Defender, and Allen H. Andrews, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

Roland W. Burris, Attorney General, of Springfield, and Millard S. Everhart, State's Attorney, of Toledo (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen and Marcia L. Friedl, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

On October 11, 1991, defendant, Ronald J. Janes, pled guilty in the circuit court of Cumberland County to three counts of murder. Defendant also waived his right to have a jury determine whether he would receive a sentence of death. At the first stage of the capital sentencing hearing, the trial court found defendant eligible for death under the Criminal Code of 1961 (the Criminal Code), section 9—1(b)(3) (Ill. Rev. Stat. 1991, ch. 38, par. 9—1(b)(3)). At the second stage of sentencing, after hearing evidence in aggravation and mitigation, the court sentenced defendant to death. (Ill. Rev. Stat. 1991, ch. 38, par. 9—1(h).) The death sentence was stayed (134 Ill. 2d R. 609(a)) pending direct review by this court (Ill. Const. 1970, art. VI, § 4(b); 134 Ill. 2d R. 603).

Defendant raises the following issues on appeal: (1) whether he must be granted a new hearing on his motion to withdraw his guilty plea where counsel failed to comply with the certificate requirements of Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)); (2) whether the imposition of the death penalty was arbitrary and capricious where the State, at one time, had offered defendant a sentence of natural life in prison if he pled guilty; (3) whether the trial court erred in weighing as an aggravating factor its belief that defendant would kill in the future; (4) whether the trial court erred when it refused to consider defendant's evidence that the death penalty is a costly and counterproductive form of

punishment; (5) whether, given the evidence in mitigation, the trial court erred in imposing a death sentence; and (6) whether the death penalty statute is unconstitutional. Because we find that this cause must be remanded for new proceedings under Rule 604(d), we recite only those facts pertinent to our decision.

Immediately following sentencing on January 29, 1992, defendant filed, *pro se*, a motion to withdraw his guilty plea and a motion for resentencing. Defendant's attorney informed the court that although he felt his obligations as a court-appointed attorney had terminated, he would nonetheless argue the motions because he felt defendant was "entitled to post-trial motions." In denying defendant's motion to withdraw his guilty plea that same day, the court stated: "Enough time has passed that I am sure counsel have had adequate opportunity to review what occurred at the plea of guilty and *** [a]s far as I know, both sides have had opportunity to obtain a stenographic record of that proceeding from the court reporter then present." However, the record shows that the transcript of the guilty plea hearing was not certified by the court reporter and filed in the circuit court until March 2, 1992. Additionally, the record does not show that defense counsel filed a certificate purporting compliance with Rule 604(d).

Rule 604(d) provides:

"(d) Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty. No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor. *** The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. If the defen-

dant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost. The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 145 Ill. 2d R. 604(d).[1]

In *People v. Wilk* (1988), 124 Ill. 2d 93, this court consolidated four cases in which the defendants' appeals were dismissed for failure to comply with the requirement of Rule 604(d) that a motion to withdraw the guilty plea must be filed before taking an appeal. *Wilk* explained that the purpose of Rule 604(d) was:

"to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom. Rule 604(d) provides for fact finding to take place at a time when witnesses are still available and memories are fresh. (*People v. Frey* (1977), 67 Ill. 2d 77.) A hearing under Rule 604(d) allows a trial court to immediately correct any improper conduct or any errors of the trial court that may have produced a guilty plea. The trial court is the place for fact finding to occur and for a record to be made concerning the factual basis upon which a defendant relies for the grounds to withdraw a guilty plea. If the motion to withdraw the plea is denied, that decision can be considered on review." (*Wilk*, 124 Ill. 2d at 104.)

---

[1]At the time defendant filed his motion to withdraw guilty plea in January 1992, a previous version of Rule 604(d) was in effect. (See 134 Ill. 2d 604(d).) However, for clarity's sake and because the changes in the rule play no part in our decision in the case at bar, we chose to cite to the current version of the rule.

Accordingly, the court held that it was proper to dismiss those defendants' appeals from guilty pleas which were filed without a prior Rule 604(d) motion to withdraw the guilty plea, stating:

> "This court has held that compliance with Rule 604(d) is a condition precedent to an appeal. (*People v. Stacey* (1977), 68 Ill. 2d 261, 267.) We adhere to the holding in *Stacey* insofar as it establishes that a Rule 604(d) motion is a condition precedent to the appeal of a plea of guilty." *Wilk*, 124 Ill. 2d at 107.[2]

In reaching the decision in *Wilk*, this court also noted its disapproval of noncompliance with *any* of the requirements of Rule 604(d), remarking:

> "[T]here is a general perception in our criminal justice system *** that a complete relaxation of Rule 604(d) is acceptable in this State. We hold today that it is not.
>
> At the risk of stating the obvious, it should be pointed out that the rules adopted by this court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions. It is incumbent upon counsel and courts alike to follow them." (*Wilk*, 124 Ill. 2d at 103.)

Because the *Wilk* court's comments referred to Rule 604(d) in its entirety, each of the five districts of the appellate court thereafter adopted a rule of strict compliance with its requirements. See *People v. Denson* (1st Dist. 1993), 243 Ill. App. 3d 55; *People v. Dickerson* (2d Dist. 1991), 212 Ill. App. 3d 168; *People v. Vickery* (3d Dist. 1991), 207 Ill. App. 3d 574; *People v. Johnson* (4th Dist. 1990), 207 Ill. App. 3d 122; *People v. Hayes* (5th Dist. 1990), 195 Ill. App. 3d 957.

In *Hayes*, which is factually similar to the case at bar, defense counsel did not file a Rule 604(d) certificate

---

[2]In *People v. Wallace* (1991), 143 Ill. 2d 59, this court made it clear that, under *Wilk*, a defendant seeking to appeal only the sentence entered upon a plea of guilty must file a motion to reconsider sentence as a prerequisite to that appeal.

or review the transcript of the guilty plea hearing, and the defendant was indigent and not supplied a copy of the transcript. Based upon these facts, the Fifth District of the Appellate Court found:

> "We are obliged to follow the supreme court ruling in *Wilk* and hold that defendant be allowed to file a new motion to withdraw his guilty plea and be allowed a new hearing due to defense counsel's error in not filing the required Rule 604(d) certificate and by not reviewing the guilty plea transcript. This is so even though, as pointed out by the State, defense counsel's failure to examine a verbatim transcript of the hearing was most likely *de minimis* since the hearing was held only one week after the actual guilty plea hearing and defense counsel could most likely remember what was said at the hearing. Moreover, even though the guilty plea hearing transcript, which was a part of the record on appeal, reveals that the plea was voluntary, we are compelled to follow the supreme court's directive in *Wilk* that Rule 604(d) contains rules which must be followed and are not merely suggestions. We no longer approach these cases in terms of whether the error in failing to comply with Rule 604(d) was harmless or prejudicial, but instead follow a rule of strict compliance." *Hayes*, 195 Ill. App. 3d at 960-61.

The appellate court in *Denson, Dickerson, Vickery* and *Johnson,* citing, *inter alia*, the "strict compliance" reasoning in *Hayes*, similarly granted the defendants therein the right to file a new motion to withdraw guilty plea and the right to have a hearing on the new motion. With this opinion, we affirm the holdings of these cases and unequivocally state that, with the exception of the motion requirements addressed in *Wilk* and *Wallace*, the remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion.

Our holding necessarily implies a rejection of the strict compliance analysis found in several recent

appellate court cases, notably *People v. Gilson* (1993), 246 Ill. App. 3d 564, and *People v. James* (1992), 233 Ill. App. 3d 963. *James* held that any failure to comply with Rule 604(d) results in the waiver of the defendant's right to an appeal and relegates him to proceed through the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*). The court in *Gilson* erroneously found that because this court, in *Wilk*, held that a defendant's failure to file a motion to withdraw guilty plea under Rule 604(d) required the dismissal of the defendant's appeal, *any* failure to comply with the rule must have the same result. However, as we have noted, *Wilk* reaffirmed, and the rule explicitly states, that the filing of a motion to withdraw guilty plea is a condition precedent to an appeal. While Rule 604(d) does impose other requirements, among them the filing of a certificate of compliance by the defendant's attorney, nowhere in the rule is it stated that the fulfillment of these requirements is a condition precedent to an appeal, and *Wilk*'s further admonition that all of the provisions of Rule 604(d) must be complied with does not create such a precondition.

In the instant case, although the State impliedly agrees that denying a defendant his right of direct appellate review is not the proper remedy for rule violations other than failure to file a motion to withdraw guilty plea or to reconsider sentence, the State argues that where the record affirmatively reflects substantial compliance with the rule, a harmless error analysis is appropriate. The State reasons that when it can be determined on the record that a defendant has not been prejudiced by any violations of Rule 604(d), a remand for new proceedings would serve no purpose. We reject this argument for several reasons.

In *People v. Gabala* (1991), 211 Ill. App. 3d 351, the First District of the Appellate Court held that substan-

tial compliance with Rule 604(d) is adequate under certain circumstances. However, the court in *Gabala* relied only on cases decided prior to *Wilk*. (See *People v. Lyell* (1982), 109 Ill. App. 3d 819; *People v. Lange* (1978), 59 Ill. App. 3d 603; *People v. Evans* (1977), 46 Ill. App. 3d 689; *People v. Norris* (1977), 46 Ill. App. 3d 536.) Recently, the First District has twice stated that it believed *Gabala* was contrary to the clear import of *Wilk* (*Denson*, 243 Ill. App. 3d at 61-62; *James*, 233 Ill. App. 3d at 969), and we must agree. As the court stated in *Dickerson*:

> "Because of the strict waiver requirements of Rule 604(d) (any issue not raised by the defendant in his motion to withdraw his guilty plea is deemed waived), fundamental fairness requires that the defendant have the assistance of counsel in preparing and presenting his motion. (See *People v. Ledbetter* (1988), 174 Ill. App. 3d 234, 237-38.) Rule 604(d) sets forth defense counsel's duties in this regard and provides a simple, straightforward and *mandatory* procedure designed to insure that those duties are performed and, thus, that defendant's due process rights are protected. (See *Wilk*, 124 Ill. 2d at 103-04.) Adherence to a rule of strict compliance with the certificate requirement will not place an onerous burden on defense counsel, and, significantly, it will eliminate unnecessary appeals." (Emphasis in original.) *Dickerson*, 212 Ill. App. 3d at 171.

Conversely, a rule that counsel need not strictly comply merely generates disputes on review, like the instant one, over whether the record shows that there has been substantial compliance with the provisions of Rule 604(d). Accordingly, where the record herein does not show strict compliance with the certificate requirement of Rule 604(d), we reverse that portion of the trial court's judgment denying defendant's motion to withdraw his guilty plea.

Therefore, pursuant to this court's supervisory authority, we retain jurisdiction and remand this cause

to the circuit court of Cumberland County to allow defendant to file a new motion to withdraw his guilty plea and for a hearing on that motion in full compliance with Rule 604(d). If, upon completion of the proceedings on remand, defendant's motion to withdraw his guilty plea is denied, this court will address, at defendant's request, the correctness of that decision and the remaining issues raised herein. See *People v. Garrett* (1990), 139 Ill. 2d 189, 195.

<div align="right">

*Circuit court reversed in part;*
*cause remanded with directions.*