THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY SAWYER, Defendant-Appellant.

Second District · No. 2—92—1313

Opinion filed March 18, 1994.

G. Joseph Weller, Barbara R. Paschen, and Patrick M. Carmody, all of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

Defendant, Gary Sawyer, pleaded guilty to one count of attempted robbery (Ill. Rev. Stat. 1991, ch. 38, pars. 8—4(a), 18-1(a)(now 720 ILCS 5/8—4(a), 5/18—1(a) (West 1992))). After the trial court denied his motion to withdraw his guilty plea, he was sentenced to an extended term of 10 years' imprisonment. On appeal, defendant argues that the trial court abused its discretion in refusing to allow him to withdraw his guilty plea.

We affirm the judgment of the circuit court.

On July 1, 1992, defendant was indicted on two counts of robbery. On July 10, 1992, Assistant Public Defender Carol Hodge was assigned to represent him. On July 13, 1992, defendant was arraigned and entered a plea of not guilty. On July 23, with defendant present in open court, Hodge informed Judge Goshgarian that defendant had rejected the State's offer of probation and county jail time in return for a guilty plea and that defendant would be proceeding to trial. On August 3, 1992, at another hearing before Judge Goshgarian, the assistant State's Attorney reported that the parties had no negotiations to present to the court. Attorney Hodge stated that she assumed the case would be going to a jury trial.

On August 10, 1992, after a hearing that defendant did not attend, the court entered an order transferring the case to Judge Starck, continuing the case for trial, and assigning defendant new counsel because Hodge no longer worked for the public defender.

On that same day, the court held a hearing at which defendant was present. Counsel for the parties agreed that, in return for the State dropping the two original robbery charges, defendant would enter an open plea of guilty to a newly added charge of attempted robbery. Pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402), the court admonished defendant of the consequences of his plea. Defendant, who had conferred earlier with his new counsel, stated that he understood that he was giving up certain rights by pleading guilty, that he understood the possible penalties he faced, that there were no threats or promises other than the plea agreement that affected his decision to plead guilty, and that it was his voluntary decision to plead guilty to attempted robbery. Defendant told the court that Hodge had told him she was going to present a negotiated plea to the court, but that she had failed to do so. The prosecutor replied that no such offer was outstanding, and that heretofore defendant had rejected all plea bargains in favor of a trial.

After hearing a factual basis for the plea, the court asked defendant if he persisted in pleading guilty. Defendant said he did. The court accepted the guilty plea and continued the matter for sentencing.

On September 9, 1992, before the sentencing hearing, defendant filed his motion to withdraw the guilty plea. The motion alleged, in essence, that defendant had been coerced into pleading guilty because he had gone to the August 10 hearing under the impression that Hodge had worked out a deal that the State had accepted, and that when he arrived in court, he learned that the court would not accept this earlier negotiation. Defendant's motion was accompanied by his attorney's certification that counsel had examined the trial court file and the report of proceedings of the guilty plea hearing, had consulted defendant about the issues raised by the motion, and had made any amendments necessary to the presentation of any defects in the guilty plea proceedings.

On September 24, 1992, the trial court held a hearing on the motion to withdraw the guilty plea. Relying in part on his recollection of the hearing on the guilty plea, the judge refused to allow defendant to withdraw his guilty plea. The judge explained that he saw no reason to reject his earlier finding that defendant knowingly, intelligently, and voluntarily decided to plead guilty to attempted robbery.

On October 1, 1992, after a hearing at which defendant did not appear, the court entered its judgment sentencing defendant to 10 years' imprisonment with credit for time served. On October 30, 1992, defendant filed a motion entitled "Motion to Reconsider Sentence and Motion to Reconsider Withdraw [sic] Plea." Despite the

title, the motion argued primarily that the sentence was excessive, and it stated only in passing, without any specific factual allegations, that the trial court abused its discretion in refusing to allow defendant to withdraw his guilty plea. Defendant's counsel did not file a new certificate of compliance with Rule 604(d)'s provisions for motions to withdraw guilty pleas.

At a hearing that same day at which defendant was not present, defendant's counsel stated defendant was incorporating into the motion "our grounds for the motion to withdraw the plea which was originally argued and the Court denied." Directly after the court denied the motion, defendant filed his notice of appeal.

Although neither party questions this court's jurisdiction, we must ascertain whether we may hear this appeal. (*People v. Ramage* (1992), 229 Ill. App. 3d 1027, 1029; *People v. Ishmon* (1991), 213 Ill. App. 3d 653, 655.) In making this determination, we recognize that Rule 604(d) requires strict compliance, not merely substantial compliance. *People v. Janes* (1994), 158 Ill. 2d 27, 33-34; *People v. Wilk* (1988), 124 Ill. 2d 93; *Ramage*, 229 Ill. App. 3d at 1029-31.

■ A defendant may not seek appellate review of whether his guilty plea was voluntary unless he has filed with the trial court, within 30 days after the entry of the sentence, a motion to withdraw his guilty plea and to vacate the judgment. (145 Ill. 2d R. 604(d); *Ramage*, 229 Ill. App. 3d at 1030-31.) The motion must include the defendant's counsel's *written* certification that counsel has consulted with the defendant, has examined the trial court file and the report of proceedings of the plea of guilty, and has made any necessary amendments to the motion. (*People v. Davis* (1994), 255 Ill. App. 3d 647, 649.) The lack of an adequate certification is not a jurisdictional bar to an appeal. (*Janes*, 158 Ill. 2d at 33.) However, proper certification is a condition precedent to a hearing on the motion to withdraw the guilty plea and to vacate the judgment. (*People v. Dickerson* (1991), 212 Ill. App. 3d 168, 171.) Thus, where the defendant has filed a proper motion to withdraw the guilty plea and to vacate the judgment, but there is no certificate filed in compliance with Rule 604(d), a court of review must remand the cause to the trial court for compliance with the certification requirement and for a new motion and hearing. *Janes*, 158 Ill. 2d at 33.

Two recent decisions of this court are relevant to the jurisdictional issue presented here. In *Ramage*, we held that a *presentencing* motion to vacate the guilty plea was insufficient to confer jurisdiction upon this court where the defendant had not moved after the sentence to vacate his guilty plea. We explained that Rule 604(d) requires that the motion "MUST be filed within 30 days after the imposition of sentence." *Ramage*, 229 Ill. App. 3d at 1031.

In *Davis*, we decided that counsel's oral assurance to the trial judge that he had consulted with the defendant and had otherwise fulfilled his obligations under the rule were not a substitute for the filing of a written certificate. *Davis*, 255 Ill. App. 3d at 648-50.

■ Here, defendant renewed his original motion to withdraw the plea after sentencing; however, the certification by defendant's counsel was filed before the trial court proceeded to sentence defendant (and thus before his *timely filed* motion to withdraw the guilty plea and to vacate the judgment). However, we do not believe that Rule 604(d) or the relevant cases require that the defendant's counsel's certification be filed after the entry of judgment. Put differently, although a motion under Rule 604(d) is effective only if it is a post-judgment motion (*Ramage*, 229 Ill. App. 3d at 1029), it is not crucial to this court's jurisdiction that an otherwise proper written certification is filed before the judgment. We note that *Davis* holds only that an oral "certification" does not comport with Rule 604(d).

Furthermore, we do not believe that the failure to refile the certification after the judgment is a nonjurisdictional defect which requires us to remand the case to the circuit court for a new certification and a new hearing on the motion pursuant to the requirements of *Janes*. The language of the rule contemplates that, because the motion to withdraw the guilty plea is properly a post-judgment motion, the filing of the certificate normally will not occur until after the sentence has been imposed. However, the rule does not explicitly state that the certificate must be filed with the trial court only after imposition of sentence. Where a proper certificate is already on file as of the post-judgment motion, the rule's requirement that "[t]he defendant's attorney shall file with the trial court a certificate" (145 Ill. 2d R. 604(d)) has been satisfied.

We may now turn to the merits of defendant's appeal. Defendant argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea. In essence defendant argues that a number of factors rendered his guilty plea involuntary and less than knowingly or intelligently made. Defendant argues primarily that: (1) until his meeting with his new counsel, he was under the impression that the parties would present a negotiated plea to the trial court; (2) the trial court told the parties that a negotiated plea could not be presented because the circuit court had a rule that only an open plea, and not a negotiated plea, could be presented on the day that a case was scheduled for trial; and (3) defendant had little opportunity to consult with his new counsel and felt coerced to enter an open plea to the charge of attempted armed robbery rather than go to trial on the original charges of robbery.

■ Whether to allow a defendant to withdraw his guilty plea is a decision for the sound discretion of the trial court, and we will not reverse the trial court's decision unless it amounts to an abuse of discretion. (*People v. Leonard* (1990), 202 Ill. App. 3d 555, 557.) A defendant may seek to withdraw his guilty plea on the ground that the plea was entered based on a misapprehension of fact or law. (*People v. Spicer* (1970), 47 Ill. 2d 114, 116; *Leonard*, 202 Ill. App. 3d at 557.) However, the defendant bears the burden of proving that his mistaken impression was objectively reasonable under the circumstances existing at the time of the plea. *People v. Hale* (1980), 82 Ill. 2d 172, 176.

The trial court held an extensive hearing on defendant's original motion to withdraw his guilty plea. The judge considered the results of this hearing, as well as the circumstances under which defendant entered his guilty plea, in rejecting defendant's post-judgment motion to withdraw the plea.

■ The trial court found that, at the time defendant entered the plea, he had rejected all offers of negotiations and that no negotiated pleas—other than the one actually entered—were outstanding or contemplated at the time defendant elected to plead guilty. The plea that defendant entered allowed him to be sentenced on one count of attempted robbery instead of two counts of the more serious offense of robbery. Although defendant did not meet his new counsel until the day he entered the plea, he was continuously represented by the office of the public defender, and his new counsel was familiar with the circumstances of the case. Moreover, as the trial judge noted, defendant did discuss the case with his counsel for approximately 45 minutes before he entered the guilty plea. Defendant was properly admonished as to the consequences of his plea, and he stated that the plea was voluntary and that he persisted in the plea. The trial court accepted these representations.

Under all the circumstances, we cannot fault the trial judge for doing so, nor do we regard the judge's comments to defendant, taken in context, to have been improperly coercive. We conclude that there was no abuse of discretion in refusing to allow defendant to withdraw his guilty plea. The court did not err in concluding that any expectation defendant may have entertained about the availability of an agreement that his previous counsel had allegedly negotiated was objectively unreasonable.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

COLWELL and PECCARELLI, JJ., concur.