NO. 5-95-0608

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              FIFTH DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS,)  Appeal from the

                                    )  Circuit Court of

     Plaintiff-Appellee,            )  St. Clair County.

                                    )  

v.                                  )  Nos. 93-CF-342 & 93-CF-254

                                    )

STEVEN M. SHIRLEY,                  )  Honorable

                                    )  Michael J. O'Malley,

     Defendant-Appellant.           )  Judge, presiding.  

_________________________________________________________________

     PRESIDING JUSTICE HOPKINS delivered the opinion of the court:

     Defendant, Steven M. Shirley, appeals from the denial of his

motion to reduce sentence.  This case has previously been before

this court.  On this appeal, defendant contends again that there

has not been strict compliance with Supreme Court Rule 604(d) (134

Ill. 2d R. 604(d)).  

     On September 28, 1993, defendant pleaded guilty to aggravated

battery, aggravated criminal sexual assault, and unlawful produc-

tion of cannabis sativa plant.  The State agreed to not recommend

sentences in excess of 15 years' imprisonment for aggravated

battery and aggravated criminal sexual assault.  The State also

agreed to recommend probation for the cannabis offense.

     On November 24, 1993, defendant was sentenced to concurrent

terms of imprisonment of two years for aggravated battery and 12

years for aggravated criminal sexual assault.  He was sentenced on

the unlawful production of cannabis sativa plant conviction to a

conditional discharge for two years, to be served consecutively to

the prison sentences.  He subsequently filed a motion to reduce

sentences, which was denied.  His counsel did not file a certifi-

cate of compliance with Rule 604(d).  This court, therefore,

reversed that portion of the judgment denying the motion to reduce

sentences, and we remanded the cause to the circuit court of St.

Clair County for the filing of a new motion to reduce sentences and

for further proceedings in conformity with People v. Janes, 158

Ill. 2d 27, 630 N.E.2d 790 (1994).  People v. Shirley, No. 5-94-

0175, ___ Ill. App. 3d ___, ___ N.E.2d ___ (April 10, 1995)

(unpublished order pursuant to Supreme Court Rule 23 (134 Ill. 2d

R. 23)).

     On June 27, 1995, the trial court appointed the public

defender to represent defendant.  On July 11, 1995, an assistant

public defender filed a "Motion to reduce/modify sentence".  On

August 3, 1995, the trial court denied the motion after a hearing. 

On August 7, 1995, the assistant public defender filed a Rule

604(d) certificate and a notice of appeal.  The Rule 604(d)

certificate states:

     "I, Kathleen Fleshren, attorney for the defendant in this

     cause, state that I have consulted with the defendant to

     ascertain his contentions of error in this cause; that I

     have examined the trial court file and report of proceed-

     ings of the plea of guilty and sentencing hearing, and

     that defendant offers no amendments to the Motion To

     Reconsider/Reduce Sentence.

               /s/ Kathleen Fleshren

               Assistant Public Defender"

     On appeal, defendant cites People v. Reed, 213 Ill. App. 3d

855, 572 N.E.2d 437 (1991), People v. Morris, 256 Ill. App. 3d 618,

628 N.E.2d 1175 (1994), People v. Dean, 61 Ill. App. 3d 612, 378

N.E.2d 248 (1978), and People v. Hayes, 195 Ill. App. 3d 957, 553

N.E.2d 30 (1990), for the proposition that the filing of defense

counsel's certificate of compliance with Rule 604(d) is a condition

precedent to a hearing on the motion filed under the rule.  See

also People v. Sawyer, 258 Ill. App. 3d 174, 630 N.E.2d 1294

(1994); People v. Hancock, 208 Ill. App. 3d 1092, 567 N.E.2d 633

(1991); People v. Dickerson, 212 Ill. App. 3d 168, 570 N.E.2d 902

(1991); People v. Ramage, 229 Ill. App. 3d 1027, 595 N.E.2d 222

(1992); People v. Holford, 233 Ill. App. 3d 12, 598 N.E.2d 420

(1992); People v. Heinz, 259 Ill. App. 3d 709, 632 N.E.2d 338

(1994); People v. Ritchie, 258 Ill. App. 3d 164, 630 N.E.2d 171

(1994); People v. Davis, 255 Ill. App. 3d 647, 627 N.E.2d 749

(1994).  The State objects on the basis that Rule 604(d) does not

provide when, between the time sentence is imposed and the time the

notice of appeal is filed, counsel's certificate is to be filed in

the trial court.  Rule 604(d) provides in pertinent part:

          "No appeal from a judgment entered upon a plea of

     guilty shall be taken unless the defendant, within 30

     days of the date on which sentence is imposed, files in

     the trial court a motion to reconsider the sentence, if

     only the sentence is being challenged or, if the plea is

     being challenged, a motion to withdraw his plea and

     vacate the judgment.  ***  The trial court shall then

     determine whether the defendant is represented by

     counsel, and if defendant is indigent and desires

     counsel, the trial court shall appoint counsel.  If the

     defendant is indigent, the trial court shall order a copy

     of the transcript as provided in Rule 402(e) be furnished

     the defendant without cost.  The defendant's attorney

     shall file with the trial court a certificate stating

     that the attorney has consulted with the defendant either

     by mail or in person to ascertain his contentions of

     error in the sentence or the entry of the plea of guilty,

     has examined the trial court file and report of proceed-

     ings of the plea of guilty, and has made any amendments

     to the motion necessary for adequate presentation of any

     defects in the proceedings.  The motion shall be heard

     promptly, and if allowed, the trial court shall modify

     the sentence or vacate the judgment and permit the

     defendant to withdraw his plea of guilty and plead anew. 

     If the motion is denied, a notice of appeal from the

     judgment and sentence shall be filed ***."  134 Ill. 2d

     R. 604(d).

     In none of the cases cited above in this opinion was a

certificate filed in the trial court between the date of a hearing

on the postplea motion and the filing of the notice of appeal.  In

the following cases, no certificate was filed in the trial court: 

Morris, 256 Ill. App. 3d 618, 628 N.E.2d 1175; Heinz, 259 Ill. App.

3d 709, 632 N.E.2d 338; Ramage, 229 Ill. App. 3d 1027, 595 N.E.2d

222; Dickerson, 212 Ill. App. 3d 168, 570 N.E.2d 902; Hancock, 208

Ill. App. 3d 1092, 567 N.E.2d 633; and Davis, 255 Ill. App. 3d 749,

627 N.E.2d 749.  In the following cases, the first attempt at

filing the certificate was made in the appellate court:  People v.

Janes, 158 Ill. 2d 27, 630 N.E.2d 790 (1994) (Janes I); Holford,

233 Ill. App. 3d 12, 598 N.E.2d 420; Reed, 213 Ill. App. 3d 855,

572 N.E.2d 437; and Dean, 61 Ill. App. 3d 612, 378 N.E.2d 248. 

This court is aware that in People v. Janes, 168 Ill. 2d 382, 660

N.E.2d 980 (1995) (Janes II), our supreme court stated, "When this

court remanded this cause back to the trial court for compliance

with Rule 604(d), it did so not because the affidavit itself was

improper, but because Rule 604(d) requires that this affidavit be

filed prior to making a motion to withdraw a guilty plea," and,

"[T]his court ultimately ruled in Janes I, 158 Ill. 2d at 35, that

certification must occur in the trial court prior to making the

motion to withdraw the guilty plea ***."  Janes II, 168 Ill. 2d at

389, 660 N.E.2d at 983.  In Janes I, however, defense counsel did

not attempt to file the certificate in the trial court but

furnished his certificate to the State, which used the affidavit to

support its argument in Janes' first appeal to our supreme court. 

Therefore, our supreme court did not have to decide whether a

certificate filed after the hearing but before the notice of appeal

could be considered harmless error or even error.

     There is no question that Rule 604(d) contemplates that the

certificate be filed prior to the hearing on a postplea motion. 

The certificate functions to provide a basis upon which the trial

court can determine that the attorney has, in fact, performed his

duties under the rule, and it also gives the record a clear indica-

tion of the extent of such performance, which otherwise might not

adequately appear thereon.  Dean, 61 Ill. App. 3d at 615, 378

N.E.2d at 251.  It takes but a moment of the trial court's time to

obtain the certificate, if the certificate has not been filed prior

to the postplea hearing, to obtain one from an attorney who is then

presently before it, thereby protecting the full measure of

defendant's interests.  Any dispute involving the accuracy of the

facts stated in the attorney's certificate could be resolved and

redressed by the trial court.  Dean, 61 Ill. App. 3d at 617, 378

N.E.2d at 252; see People v. Ritchie, 258 Ill. App. 3d 164, 630

N.E.2d 171 (1994) (appellate court remanded for a new hearing and

a new certificate, because the certificate filed in the trial court

was incomplete).

     In the case at bar, defendant does not attempt to argue how

the proceedings would have been different if the certificate had

been filed prior to the hearing on the motion to reduce sentence,

does not attempt to argue that the full measure of his interests

was not protected, and does not attempt to argue that the certifi-

cate does not comply with Rule 604(d).  Nothing in the record on

appeal suggests that the assistant public defender did not do what

she certified that she had done.  Compliance with the rule has been

met.  Based on the record on appeal, this court concludes that if

any error occurred in this cause, such error was harmless.  While

Rule 604(d) requires strict compliance (People v. Janes, 158 Ill.

2d 27, 630 N.E.2d 790 (1994)), a literal reading of the rule does

not require that the certificate be filed prior to the postplea

hearing.  While the rule contemplates the certificate being filed

after sentence is imposed, in People v. Sawyer, 258 Ill. App. 3d

174, 630 N.E.2d 1294 (1994), the judgment was affirmed where the

certificate and motion to withdraw guilty plea were filed prior to

sentencing and only a motion to withdraw guilty plea was filed

after sentencing.

     Defendant's last contention concerns the assistant public

defender's Rule 604(d) certificate.  The certificate states in

pertinent part, "[D]efendant offers no amendments to the Motion to

Reconsider/Reduce Sentence".  Rule 604(d) states, "[D]efendant's

attorney shall file with the trial court a certificate stating that

the attorney *** has made any amendments to the motion necessary

for adequate presentation of any defects in those proceedings." 

134 Ill. 2d R. 604(d).  In the case at bar, the assistant public

defender is defendant's representative.  Neither counsel nor

defendant had any amendments to the July 11, 1995, motion to reduce

sentence.  The certificate merely acknowledges the right of review

by defendant and the fact that defendant had no amendments to make. 

Clearly, there has been strict compliance with Rule 604(d).

     For the foregoing reasons, the judgment of the circuit court

is affirmed.

     Affirmed.

     GOLDENHERSH and MAAG, JJ., concur.

                                      NO. 5-95-0608

                                     IN THE

                          APPELLATE COURT OF ILLINOIS

                                 FIFTH DISTRICT

___________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS,)  Appeal from the

                                    )  Circuit Court of

     Plaintiff-Appellee,            )  St. Clair County.

                                    )  

v.                                  )  Nos. 93-CF-342 & 93-CF-254

                                    )

STEVEN M. SHIRLEY,                  )  Honorable

                                    )  Michael J. O'Malley,

     Defendant-Appellant.           )  Judge, presiding.  

___________________________________________________________________________

Opinion Filed:                 November 21, 1996

___________________________________________________________________________

Justices:      Honorable Terrence J. Hopkins, P.J.

                         

               Honorable Richard P. Goldenhersh, J., and

               Honorable Gordon E. Maag, J.,

               Concur

___________________________________________________________________________

                         

Attorneys      Daniel M. Kirwan, Deputy Defender, Dan W. Evers, Assistant

for            Defender, Office of the State Appellate Defender, Fifth 

Appellant      Judicial District, Route 15 East, P.O. Box 2430, Mt. 

               Vernon, IL  62864

___________________________________________________________________________

Attorneys      Hon. Robert Haida, State's Attorney, St. Clair County, 

for            10 Public Square, Belleville, IL  62220

Appellee       

               Norbert J. Goetten, Director, Stephen E. Norris, Deputy

               Director, Gerry R. Arnold, Staff Attorney, Office of the

               State's Attorneys Appellate Prosecutor, Route 15 East,

               P.O. Box 2249, Mt. Vernon, IL  62864

___________________________________________________________________________