(No. 73235.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RONALD J. JANES, Appellant.

*Opinion filed December 21, 1995.—Rehearing denied January 29, 1996.*

HARRISON, J., took no part.

Charles M. Schiedel, Deputy Defender, and Allen H. Andrews, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

James E. Ryan, Attorney General, of Springfield,

and Millard S. Everhart, State's Attorney, of Toledo (Barbara A. Preiner, Solicitor General, and Arleen C. Anderson and Penelope Moutoussamy George, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

This court remanded this cause to the circuit court of Cumberland County for a new hearing on defendant's motion to withdraw his guilty plea after determining that defendant's attorney had not complied with the certification requirements of Rule 604(d) (134 Ill. 2d R. 604(d)). (*People v. Janes* (1994), 158 Ill. 2d 27 (hereinafter *Janes I*).) Jurisdiction over the direct appeal in this capital case was retained pending the outcome of the remand proceedings. (*Janes I*, 158 Ill. 2d at 36.)[1] On remand the trial court again denied the motion to withdraw the guilty plea and refused to consider defendant's other arguments, which it ruled were beyond the scope of the remand. Defendant now appeals directly to this court, raising the following issues: (1) that he is entitled to a new hearing to withdraw his guilty plea because the attorney who was representing him on remand was laboring under a conflict of interest; (2) that his counsel was ineffective in failing to correct the trial court's mistaken belief that defendant had

---

[1]On remanding this cause, this court stated that, "[i]f, upon completion of the proceedings on remand, defendant's motion to withdraw his guilty plea is denied, this court will address, *at defendant's request*, the correctness of that decision and the remaining issues raised herein." (Emphasis added.) (*Janes I*, 158 Ill. 2d at 36.) In the instant post-remand appeal to this court, defendant makes no reference, directly or indirectly, to the matters raised in his initial appeal to this court. Accordingly, we only consider those arguments specifically raised in defendant's post-remand appeal.

knowingly allowed the State's plea offer to expire; and (3) that the trial court erroneously refused to consider defendant's motion to reconsider his sentence. We affirm.

## FACTS

On October 11, 1991, defendant, Ronald J. Janes, pled guilty to murdering his mother, father and grandmother. Defendant then waived his right to have a jury determine his sentence and the trial court found the defendant eligible for death. (Ill. Rev. Stat. 1991, ch. 38, par. 9—1(b)(3).) After hearing the aggravating and mitigating evidence, the trial court sentenced defendant to death. (Ill. Rev. Stat. 1991, ch. 38, par. 9—1(h).) Immediately following the imposition of his sentence on January 29, 1994, defendant filed a motion to withdraw his guilty plea and a motion for resentencing. Defendant's attorney, L. Stanton Dotson, informed the court that although he felt his obligations as court-appointed attorney had terminated, he would nonetheless argue the motions. The court denied the motions that same day.

Defendant then appealed directly to this court claiming, *inter alia*, that he was entitled to a new hearing to withdraw his guilty plea because his trial counsel, Dotson, failed to comply with Supreme Court Rule 604(d)'s requirement that he examine the trial court file and report of proceedings of the plea of guilty and make any amendments to the motion necessary for adequate presentation of any defects in those proceedings. 145 Ill. 2d R. 604(d).

The State countered that there had been substantial compliance with Rule 604(d) and that this was sufficient. In support of its argument on appeal, the State submitted an affidavit from defendant's attorney, Dotson, wherein he swore that he "examined a copy of the transcript and persists in the opinion that any amend-

ments to the motion necessary for adequate presentation of any defects in the guilty plea proceedings were made." This court nevertheless ruled that strict compliance with Rule 604(d)'s certification requirements was necessary and remanded the cause to the trial court for a new hearing on the motion to withdraw the guilty plea.

On remand, the trial court again appointed Dotson to represent defendant in his motions on remand. At the close of the hearing, the trial court denied defendant's motion to withdraw his guilty plea and refused to entertain defendant's motion to reconsider the sentence, ruling that the latter was beyond the scope of the remand.

## CONFLICT OF INTEREST

Defendant argues that he is entitled to yet another hearing to withdraw his guilty plea because attorney Dotson was laboring under a conflict of interest when he represented him at the second hearing. We disagree.

In support of this argument, defendant first contends there was a conflict of interest because Dotson improperly attempted to argue his own ineffective assistance of counsel on remand. (*People v. Flores* (1992), 153 Ill. 2d 264 (it contravenes human nature to expect counsel to adequately argue counsel's own ineffectiveness).) Specifically, defendant refers to the arguments in his motion to withdraw his guilty plea (1) that he had valid defenses of self-defense and temporary insanity to the murder charges, and (2) that he believed that if he pled guilty he would not receive the death penalty. Defendant asserts that these arguments implicitly allege ineffective assistance of counsel because, to be true, Dotson must have ineffectively chosen not to raise the claimed defenses and, in addition, misled defendant to believe that he would not be sentenced to death were he to plead guilty.

We initially observe that defendant's conclusion that attorney Dotson rendered ineffective assistance of counsel does not necessarily follow from his claims of valid defenses and from his belief that he would not be sentenced to death. We do not decide this question on the merits, however, because defendant has waived the underlying conflict of interest claims as a result of his failure to raise them at his first opportunity before this court on direct appeal. *Cf. People v. Stewart* (1988), 123 Ill. 2d 368, 372 (finding waiver in post-conviction proceeding where issue could have been presented on direct appeal but was not).

Both the arguments of valid defenses and belief that he would not be sentenced to death in defendant's second motion to withdraw the guilty plea were also made by defendant in his first motion to withdraw his guilty plea. Insofar as attorney Dotson represented defendant at both hearings on these motions, defendant's appellate counsel in his first appeal could have made the same conflict of interest arguments that defendant's second appellate counsel now makes to this court. Because these arguments were not made at the first possible opportunity before this court, these arguments are waived under the principles of waiver and *res judicata*. Beyond the arguments defendant has already made on direct appeal, defendant is not entitled to raise any matters on appeal unless they arise for the first time in the remand proceedings.

Defendant next argues that he is entitled to a new hearing on his motion to withdraw his guilty plea because attorney Dotson was laboring under a *per se* conflict of interest during the remand proceedings. A *per se* conflict of interest arises where defense counsel has a tie to a person or entity which would benefit from an unfavorable verdict for the defendant. (*People v. Spreitzer* (1988), 123 Ill. 2d 1, 16.) Where a *per se* conflict of

interest exists, a defendant need not show that the attorney's actual conduct was in any way affected by the conflict; rather, a reversal automatically ensues. *Spreitzer*, 123 Ill. 2d at 15.

The alleged *per se* conflict hinges upon the affidavit provided by Dotson to the State in furtherance of the State's position in the first appeal. Defendant, through newly appointed appellate counsel, contends that in providing this affidavit Dotson aligned himself with the State and thus labored under a *per se* conflict of interest when he subsequently represented defendant on remand. In the first appeal, the defendant asserted that he was entitled to a new hearing on his motion to vacate his guilty plea due to Dotson's noncompliance with Rule 604(d). The State countered that this noncompliance was harmless and that a new hearing was unnecessary and, in support, the State proffered an affidavit provided by Dotson which stated that he had "examined a copy of the transcript and persists in the opinion that any amendments to the motion necessary for adequate presentation of any defects in the guilty plea proceedings were made." Defendant asserts that when Dotson gave the State this affidavit, which was inimical to defendant's argument on appeal, he aligned himself not with his former client but, rather, with the State. Defendant contends that from that point forward, Dotson had a tie with the State and thus labored under a *per se* conflict of interest.

Supreme Court Rule 604(d) provides that, where a defendant seeks to withdraw his guilty plea, "[t]he defendant's attorney *shall* file with the trial court a certificate stating that the attorney *** has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.) (145 Ill. 2d R.

604(d).) This requirement operates to eliminate unnecessary appeals. (See *Janes*, 158 Ill. 2d at 35.) The affidavit provided by Dotson to this court via the State's appellate brief constituted Dotson's attempt to comply with Supreme Court Rule 604(d)'s certification requirement, albeit in a belated fashion. When this court remanded this cause back to the trial court for compliance with Rule 604(d), it did so not because the affidavit itself was improper, but because Rule 604(d) requires that this affidavit be filed prior to making a motion to withdraw a guilty plea.

On remand, Dotson filed a timely affidavit with the trial court which once again attested that he had examined the trial court file and report of proceedings of the plea of guilty, and had made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings. We fail to see how Dotson's prior affidavit to this effect on appeal somehow aligned him with the State such that a *per se* conflict of interest arose. Dotson's affidavit merely stated what Rule 604(d) requires him to state.

At the time of the appeal it was not clear whether a post-hearing attempt to comply with the certification requirements of Rule 604(d) could cure the noncompliance. While this court ultimately ruled in *Janes I*, 158 Ill. 2d at 35, that certification must occur in the trial court prior to making the motion to withdraw the guilty plea, attorney Dotson's post-hearing attempt to substantially comply was not an attempt to side with the State against the interests of his client. Rather, it constituted an attempt to satisfy the requirements of Rule 604(d), which are affirmative obligations both to this court and to the efficient administration of justice in this State.

Accordingly, we hold that defendant's conflict of interest arguments premised upon ineffective assistance of counsel are waived and that his *per se* conflict of inter-

est argument based upon Dotson's affidavit is without merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO CORRECT TRIAL COURT'S MISAPPREHENSION OF MATERIAL FACT

Defendant next argues that attorney Dotson rendered ineffective assistance of counsel where he failed to correct a misapprehension of material fact held by the trial court upon its denial of defendant's motion to withdraw his guilty plea: to wit, that defendant was aware of the plea offer's expiration date. It is uncontroverted that in August of 1990 the State negotiated a plea bargain with defendant's original attorney, Kenneth Gano, wherein the State agreed to recommend natural life in exchange for a plea of guilty. Moreover, attorney Gano was aware that this offer had an expiration date of Labor Day, after which date the plea bargain was no longer valid. On Labor Day weekend, Gano rejected the plea bargain on defendant's behalf and the matter proceeded to trial. When defendant subsequently entered a plea of guilty, he attempted to enforce the plea agreement and the State objected. After a hearing on the matter, the trial court denied the motion to enforce the plea agreement and the defendant nevertheless pled guilty.

One of defendant's arguments in his motion to withdraw his guilty plea was that he entered a plea of guilty only because he believed that if he did so he would not be sentenced to death. On remand the trial court recollected that Janes had testified that he was aware of the time limit and denied the motion to withdraw the guilty plea on this ground. Defendant now argues that the record affirmatively shows that he did not know that the offer had a time limit. In support of his argument that attorney Dotson was ineffective in failing to correct this misapprehension on the part of the trial

court, defendant cites the following testimony by defendant in his "Motion to Enforce the Plea Agreement":

"Q. Did you accept that offer at that time?
A. Um, I wanted to think about it.
Q. And was the offer ever withdrawn?
· A. Not to my knowledge, no. Nobody ever come and just said it was just taken away."

According to defendant, this is the only discussion of defendant's knowledge that the State's plea offer had a time limit and affirmatively shows that defendant was unaware that the offer was no longer on the table at the time he pled guilty. Thus he argues that he is entitled to a new hearing with competent counsel that will point out this portion of the record to the trial court.

The State counters with more extensive citation to the hearing on defendant's motion to enforce the plea agreement. In its entirety, the transcript of the hearing evidences that the trial court concluded that defendant knew about the expiration of the plea offer after carefully weighing the evidence presented at the hearing. Defendant testified, as did the prosecutor who negotiated the plea bargain with attorney Gano. While the prosecutor could not testify as to defendant's knowledge of the expiration date, he did affirmatively state that Gano was aware of it and, moreover, that Gano had called him over the Labor Day weekend and explicitly rejected the offer on defendant's behalf.

In concluding that defendant was aware of the offer's expiration date, the trial court noted that it was the State which had subpoenaed Gano, who refused to testify as to what he told the defendant on attorney-client privilege grounds. Notwithstanding Gano's presence in the courtroom, defendant did not call Gano to the stand and waive the privilege so that Gano could testify as to whether he told defendant that the plea agreement had an expiration date. From this the trial court concluded that Gano's testimony would likely have

evidenced that defendant knew about the expiration date. Considering this and all the other testimony at the hearing, the trial court denied the motion to enforce the otherwise expired plea agreement.

The trial court is in the best position to weigh evidence and reach conclusions thereupon. Here the trial court's conclusion that defendant knew of the expiration date is entirely reasonable and thus will not be disturbed by this court on review. The trial court considered the testimony now proffered by the defendant in the context of the entire hearing on the matter of defendant's knowledge and at that time concluded that defendant was aware of the expiration date of the plea agreement. Accordingly, attorney Dotson did not render ineffective assistance of counsel when he failed to apprise the trial court of the language defendant now claims shows that he did not know of the expiration date.

RECONSIDERATION OF DEFENDANT'S SENTENCE

Defendant's motions to the trial court on remand included a motion to reconsider the death sentence imposed by the trial court. The trial court refused to consider this motion, ruling that it was beyond the scope of this court's remand. Defendant contends that this was error and in support cites this court's remand instructions which provide:

> "Therefore, pursuant to this court's supervisory authority, we retain jurisdiction and remand this cause to the circuit court of Cumberland County to allow defendant to file a new motion to withdraw his guilty plea and for a hearing on that motion in full compliance with Rule 604(d)." (*Janes I*, 158 Ill. 2d at 35-36.)

Insofar as Rule 604(d) concerns both motions to withdraw guilty pleas and motions to reconsider sentences, defendant concludes that this court intended that the trial court consider both motions on remand. We disagree.

As the State observes, the remand instructions specifically address the motion to withdraw the guilty plea and order a hearing on "that" motion only. That Rule 604(d) also governs other potential defense motions does not, *ipso facto*, render these other motions permissible areas of inquiry on remand. To the contrary, this court remanded for a new hearing only on the motion to withdraw the guilty plea, and solely because defense counsel did not certify that he had read a transcript of the record and had made the appropriate changes to the motion such that it would adequately present all possible bases for the withdrawal of the guilty plea. This was the only area of noncompliance with Rule 604(d); such certifications were not required by the version of Rule 604(d) governing motions to reconsider sentences at the time that attorney Dotson originally made his motion for reconsideration of the sentence. (See 134 Ill. 2d R. 604(d) (eff. October 1, 1983).) Accordingly, the trial court correctly ruled that the motion to reconsider the sentence was beyond the scope of the remand.

## CONCLUSION

In conclusion we reject defendant's contentions that his counsel on remand labored under a conflict of interest, that counsel rendered ineffective assistance, and that the trial court erroneously refused to consider his motion for reconsideration of his sentence.

For the reasons stated, the judgment of the circuit court of Cumberland County is affirmed. The clerk of this court is directed to enter an order setting Thursday, March 21, 1996, as the date on which the sentence of death entered in the circuit court of Cumberland County is to be carried out. The defendant shall be executed in the manner provided by law (725 ILCS 5/119—5 (West 1994)). The clerk of this court shall send a certified copy of the mandate in this case to the Director of Corrections, to the warden of Stateville Correctional Center,

and to the warden of the institution where the defendant is now confined.

*Affirmed.*

JUSTICE HARRISON took no part in the consideration or decision of this case.