THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEITH RADUNZ, Defendant-Appellant.

Second District   No. 2—87—0853

Opinion filed March 17, 1989.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

Charles R. Hartman, State's Attorney, of Freeport (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Keith Radunz, appeals from a decision of the circuit court of Stephenson County denying his motion to withdraw his guilty plea. The court found that Radunz had been properly admonished pursuant to Supreme Court Rule 402 (107 Ill. 2d R. 402) and that Radunz had adequate representation at the trial level. We affirm.

In April 1987, Radunz was arrested and charged with two counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(c)(1)). Radunz retained William Wise, an attorney, to represent him in the proceedings. Radunz' attorney and the State's Attorney engaged in negotiations, and an agreement was reached. Radunz agreed to plead guilty to one count of aggravated criminal sexual abuse, to undergo psychiatric evaluation and to pay for any counseling necessary for the victim and her family. In exchange, the State's Attorney agreed to drop the remaining charge and to recommend a

four-year term of probation, six months in the Stephenson County jail and a $500 fine. The court was not asked to participate or concur in this agreement pursuant to Supreme Court Rule 402(d)(2) (107 Ill. 2d R. 402(d)(2)).

On August 3, 1987, Radunz appeared before the trial judge and entered a plea of guilty to aggravated criminal sexual abuse. (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(c)(1).) The court then advised defendant as follows:

"THE COURT: *** [B]oth of the charges against you are Class 2 Felonies in this State and if you enter a plea of guilty, just as if you would be found guilty after trial, and the Court would have the following alternatives at the time of Sentencing. And you could be sentenced to the penitentiary, and if so for a definite term which would not be less than three years, nor more than seven. And depending on prior record, or other circumstances, an extended term might be considered and if so it could be up to 14 years in length. And if you're sentenced to the penitentiary there could be two years of supervised release, or there would be, and that used to be called parole, and that would be from the date of release of confinement.

And if you're sentenced to probation for that offense, and that would be up to four years in length. And if you're fined, it can be an amount not to exceed $10,000.00. And if you're sentenced to periodic imprisonment it would be for a definite term not less than 18 nor more than 30 months. And those are the alternatives.

And now what I want you to understand is that if you have entered into a negotiated plea with the State's Attorney, and that will be stated on the record, and the terms of the plea negotiation. And the State will be bound by whatever has been promised to you by the State, and they would be bound at the time of Sentencing and cannot recommend something more severe then [sic] they have agreed to recommend.

And if they have agreed to dismiss a charge, and that would be dismissed on their motion. And I certainly cannot impose a sentence for a charge that is dismissed. But, I want you to understand that the Court would be free to consider all of the alternatives that I just mentioned if you enter a plea of guilty, and as I say, and it's the same as if you were to be found guilty after trial. And the alternatives are the same; and do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And do you also understand that if you enter a plea of guilty, and that means that you're waiving your right to a trial and giving up your right to require the State to prove guilt beyond a reasonable doubt and the right, or rather the presumption of innocence that you would have throughout the trial, and you'd be giving up your right to be confronted by the State's witnesses and to have your attorney question them. And to either testify, or remain silent at your own trial, and the right to call witnesses and subpoena them, if necessary, to require their presence in Court; and do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And I want you to understand that I don't know any terms of a plea negotiation, and I have not participated in that, but it will be stated on the record, and I will ask you if you're agreeing to at least those terms. And what are the terms then of the plea negotiation?"

The prosecutor then provided the court with the factual basis of the charge. The court asked Radunz if he acted intentionally, and he responded that he had. Thereupon the court accepted the guilty plea and set a date for sentencing.

On August 21, 1987, a sentencing hearing was held. The State's Attorney complied with the plea agreement and recommended probation. The court concluded that probation would deprecate the seriousness of the offense and that Radunz presented a danger to society. The court sentenced Radunz to a term of four years in prison.

On August 28, 1987, Radunz' attorney presented a motion to withdraw as counsel. The court granted this motion and immediately directed the clerk to file a notice of appeal on behalf of defendant. The court also appointed the State Appellate Defender's office to represent Radunz on appeal.

On September 7, 1987, a notice of appeal was filed on behalf of Radunz. Radunz' appellate counsel filed a motion to remand. On September 28, 1987, this court remanded the case to allow for the filing of a motion to withdraw the guilty plea pursuant to Supreme Court Rule 604(d). (107 Ill. 2d R. 604(d).) Counsel was appointed for Radunz, and a motion to vacate the guilty plea was filed.

On March 16, 1988, a hearing on the motion was held. Radunz testified as follows:

"Q. Mr. Radunz, on August 3rd, 1987, you pled guilty to a count of aggravated criminal sexual abuse. Is that correct?

A. Yes, sir.

Q. And this was pursuant to plea negotiations between your

attorney and the state's attorney's office. Is that correct?

A. Yes, sir.

\* \* \*

Q. And was that plea negotiation that you were going to receive four years on probation, six months in the Stephenson County Jail, and psychological counseling for yourself, the children, and the family, and a $500 fine plus costs?

A. Yes, sir. That was the—

Q. Now, what did Mr. Wise tell you about this plea negotiation and the Judge?

A. Well, he said that he had a deal worked out, and he said the judge would go along with it.

Q. Now, did you here [*sic*] the Judge tell you on that day that he didn't have to follow the plea negotiations?

A. Well, I did, yeah, but my attorney told me not to worry about it, that the Judge would go along with the deal.

Q. And knowing that or at least believing that, you entered a plea of guilty in this case?

A. Yes, sir.

Q. If you had known that the judge was not going to follow the negotiation, would you have entered plea of guilty?

A. I don't think so, no."

Upon questioning by the State's Attorney, the following exchange took place:

"Q. Keith, now, you did hear when the Judge was talking to you about your rights and so on; that if you were to enter a plea negotiation, he could change it? In other words, he didn't have to accept the plea negotiation?

A. Yes, sir.

Q. Okay. You did hear the Judge when he said that.

A. Yeah.

Q. So did you have an understanding in your mind that if he did not agree with the plea agreement he could change it?

A. Well, I didn't—I heard it, but I didn't really, you know, no disrespect, but it didn't really register, because I was standing behind my attorney.

Q. Okay. So essentially what you're saying is the Judge said it but you were relying on what your counsel had told you.

A. Yeah."

Radunz argued that he should be allowed to withdraw his guilty plea because the trial court did not properly admonish him pursuant to Supreme Court Rule 402 (107 Ill. 2d R. 402), and his trial counsel

was inadequate. The court disagreed with these contentions and denied the motion to vacate. This appeal followed.

■■ ■ The issue before this court is whether the trial court properly admonished defendant and, if so, did his attorney's misleading advice render the admonitions ineffective.

Initially, we will address the State's concern as to this court's jurisdiction to consider this appeal. The State contends that since defendant failed to file a timely motion to vacate the guilty plea pursuant to Supreme Court Rule 604(d), this court lacks jurisdiction to hear this appeal and defendant's only remedy is the filing of a post-conviction petition. We disagree.

Supreme Court Rule 604(d) states in relevant part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment." (107 Ill. 2d R. 604(d).)

Rule 604(d) establishes a condition precedent to an appeal from a defendant's plea of guilty. (*People v. Stacey* (1977), 68 Ill. 2d 261, 267.) The basic purpose of Rule 604(d) is to ensure that before an appeal is taken from a guilty plea, the trial judge who accepted the plea and sentenced the defendant is given an opportunity to hear and immediately correct any improprieties that may have occurred outside the official record. (*People v. Wilk* (1988), 124 Ill. 2d 93, 104.) The failure to file a Rule 604(d) motion is a jurisdictional defect which precludes the appellate court from reviewing a judgment entered on a guilty plea. *People v. Potts* (1985), 136 Ill. App. 3d 1059, 1061.

Supreme Court Rule 605(b) states in relevant part:

"In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) That he has a right to appeal;

(2) That prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion ***." (107 Ill. 2d 605(b).)

If the trial court fails to admonish the defendant pursuant to Supreme Court 605(b), then the failure to file a timely Rule 604(d) motion is excused. *Potts*, 136 Ill. App. 3d at 1061; see also *People v. Ryant* (1976), 41 Ill. App. 3d 273, 274 (failure to comply with Rule 604(d) did not result in a waiver of the alleged errors when the trial court failed to

comply with Rule 605(b)).

In the case at bar, defendant did not file a timely motion to vacate his guilty plea. However, it is clear from the record that the trial court did not inform Radunz that compliance with Rule 604(d) was necessary in order to preserve the issue for appeal. Thus, the court failed to comply with Rule 605(b). Additionally, after allowing defendant's attorney to withdraw as counsel, the court directed the clerk to file a notice of appeal on defendant's behalf. The court also appointed appellate counsel to represent Radunz on appeal. Assuming *arguendo* that the court did comply with Rule 605(b), the court eliminated any opportunity for Radunz to comply with Rule 604(d) by immediately having a notice of appeal filed on his behalf. We will not penalize the defendant in this case for errors committed by the trial court. Therefore, we hold that jurisdiction properly rests with this court.

We now turn to the issue of whether the trial court properly admonished defendant and, if so, did his attorney's misleading advice render the admonitions ineffective.

Defendant contends that the trial court erred in denying his motion to withdraw the guilty plea and vacate the judgment because he was not adequately admonished pursuant to Supreme Court Rule 402. Specifically, defendant maintains that: (1) the trial court was ambiguous in its admonition regarding the binding effect of the plea agreement on the court; (2) the trial court did not ask Radunz if he wished to persist in his plea or withdraw it; and (3) even if the defendant was properly admonished, Radunz was misled by his attorney and believed the court would accept the plea agreement. Defendant alleges that as a result of the circumstances set forth above, his guilty plea was not intelligently and voluntarily entered. Supreme Court Rule 402 states in pertinent part:

"(a) The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by

jury and the right to be confronted with the witnesses against him.

\* \* \*

(d) When there is a plea discussion or plea agreement, the following provisions, in addition to the preceding paragraphs of this rule, shall apply:

\*\*\*

(2) If a tentative plea agreement has been reached by the parties which contemplates entry of a plea of guilty in the expectation that a specified sentence will be imposed or that other charges before the court will be dismissed, the trial judge may permit, upon request of the parties, the disclosure to him of the tentative agreement and the reasons therefor in advance of the tender of the plea. At the same time he may also receive, with the consent of the defendant, evidence in aggravation or mitigation. The judge may then indicate to the parties whether he will concur in the proposed disposition; \*\*\*

(3) If the parties have not sought or the trial judge has declined to give his concurrence or conditional concurrence to a plea agreement, he shall inform the defendant in open court at the time the agreement is stated as required by paragraph (b) of this rule that the court is not bound by the plea agreement, and that if the defendant persists in his plea the disposition may be different from that contemplated by the plea agreement." (107 Ill. 2d R. 402.)

The court must substantially, not literally, comply with the rule. *People v. Sutherland* (1984), 128 Ill. App. 3d 415, 419.

■ Upon review of the record, we find that the trial court informed defendant on at least two occasions that it was not bound by the terms of the plea agreement. Additionally, Radunz' testimony during a hearing on his motion to withdraw indicates that he heard and understood that the court was not bound by the agreement. However, he chose to disregard the admonition. If it is incumbent upon the court to carefully admonish the defendant, we do not think it is asking too much of the defendant to require him to pay attention. We find that the court did inform defendant that it was not bound by the plea agreement.

■ Defendant's next contention is that the court did not give him an opportunity to persist in his plea or to withdraw it and plead anew. This court has held on several occasions that the trial court's failure to inform the defendant of his right to persist in a guilty plea or withdraw it does not taint the guilty plea. (*People v. Smith* (1983),

113 Ill. App. 3d 917, 924, citing *People v. Lumley* (1979), 76 Ill. App. 3d 221; *People v. Pritchett* (1974), 23 Ill. App. 3d 1084.) Following this line of cases, we find that the trial court, while not specifically asking defendant if he wished to persist in his guilty plea, did substantially comply with the requirements of Rule 402.

■ Defendant's last contention is that he should have been permitted to withdraw his guilty plea because his attorney misled him in that defendant believed he would receive probation if he pleaded guilty. This issue was specifically addressed in *People v. Robinson* (1987), 157 Ill. App. 3d 622.

In *Robinson*, the defendant pleaded guilty and was sentenced to a 28-year term of imprisonment. Defendant alleged that his attorney had "promised" him a sentence "in the middle teens" if he pleaded guilty. In discussing this contention, the court stated:

"[P]etitioner contends that his expectation of a light sentence was permissible in reliance on the alleged assurances of his counsel and clearly implies that the court's lengthy and exhaustive admonitions were merely a perfunctory or ritualistic formality not requiring his attention. This characterization of the proceedings is unacceptable." (157 Ill. App. 3d at 628.)

The court went on to state:

"A guilty plea made in reliance on the incorrect advice of counsel as to the anticipated term of a sentence is still a voluntary plea." (157 Ill. App. 3d at 629.)

The court affirmed the trial court's decision denying defendant's request to withdraw his guilty plea.

While the *Robinson* case did not involve a written plea agreement, we feel that the underlying rationale is applicable here. Trust in one's attorney is of utmost importance in our legal system. However, a defendant cannot be rewarded for disregarding the specific admonitions of the court. Radunz ignored the court's admonishments allegedly because his attorney informed him the court would go along with the plea agreement. This conduct cannot be condoned. The trial court did not err in rejecting defendant's claim that his guilty plea should be withdrawn because he was misled by his attorney.

For the above-stated reasons, the decision of the circuit court of Stephenson County denying defendant's motion to withdraw his plea of guilty and vacate the judgment is affirmed.

Affirmed.

DUNN and LINDBERG, JJ., concur.