THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
FARRELL J. THEIS, Defendant-Appellant.

Second District   No. 2—89—0831

Opinion filed August 22, 1991.—Rehearing denied November 21, 1991.

G. Joseph Weller, Manuel S. Serritos, and Ingrid L. Moller, all of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NICKELS delivered the opinion of the court:

Defendant, Farrell Theis, was charged by indictment with one count of aggravated criminal sexual assault and two counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, pars. 12—14(b)(1), 12—16). In exchange for a guilty plea on the criminal sexual assault charge, the State agreed to nol-pros the two counts of aggravated criminal sexual abuse, and the court sentenced

defendant to 12 years' imprisonment. On appeal, defendant contends that the sentence is excessive. We conclude, however, that we are without jurisdiction to consider the appeal.

Defendant's sentencing hearing took place on August 14, 1989. After announcing the 12-year sentence, the trial court admonished defendant as required by Supreme Court Rule 605(b) (134 Ill. 2d R. 605(b)) concerning his right to appeal and the necessity of filing a motion to vacate the plea of guilty as a prerequisite to an appeal of that plea. Following the admonishments, defense counsel told the court that defendant might be needing the services of the appellate defender. The court responded that it would appoint the State Appellate Defender to represent defendant. Four days later, the clerk of the circuit court filed a notice of appeal on defendant's behalf.

■ A reviewing court has a duty to consider its jurisdiction and to dismiss an appeal if jurisdiction is lacking. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440.) Where a defendant has pleaded guilty and he objects to the sentence imposed, a motion to reconsider the sentence is a prerequisite to an appeal from the sentence. (*People v. Wallace* (1991), 143 Ill. 2d 59, 60-61.) No such motion was filed in this case.

Defendant argues that the trial court's appointment of the appellate defender and the clerk's filing the notice of appeal denied him the opportunity to file a *motion to reconsider the sentence*, and he urges that these actions should not affect his right to review in this court. He relies on the recent decision of the Appellate Court for the Second District in *People v. Radunz* (1989), 180 Ill. App. 3d 734, which addressed the defendant's failure to file a timely *motion to vacate the plea of guilty*, a distinction which is dispositive.

In *Radunz*, the defendant also pleaded guilty. At Radunz' sentencing hearing, the trial court failed to advise Radunz, as required under Rule 605(b), that if he wished to appeal the plea of guilty, he had first to comply with Rule 604(d) and file a motion to vacate the guilty plea within 30 days. One week after sentencing, Radunz' attorney moved to withdraw as counsel. The trial court granted the motion, directed the clerk to file a notice of appeal on behalf of Radunz and appointed the State Appellate Defender's office to represent Radunz. Radunz' appellate defender filed a motion to remand to the trial court prior to expiration of the 30-day period, which this court granted. Radunz then filed a motion to vacate the plea of guilty in the trial court. The trial court eventually denied Radunz' motion to vacate, and the appeal proceeded.

The State challenged this court's jurisdiction to hear Radunz' appeal, arguing that the motion to vacate the guilty plea was not timely and, thus, the appellate court was without jurisdiction to hear the appeal. We concluded that jurisdiction was proper because Radunz' failure to file a timely Rule 604(d) motion to vacate the plea of guilty was excused by reason of the trial court's failure to properly admonish Radunz pursuant to Rule 605(b) concerning the necessity to file such a motion. In addition to this error by the trial court, we continued "[a]ssuming *arguendo* that the court did comply with Rule 605(b), the court eliminated any opportunity for Radunz to comply with Rule 604(d) by immediately having a notice of appeal filed on his behalf." (*Radunz*, 180 Ill. App. 3d at 740.) In reliance on this quote from *Radunz*, defendant here argues that, although he was admonished pursuant to Rule 605(b), he was deprived of the opportunity to file a motion to reconsider the sentence by reason of the court's error in appointing the State Appellate Defender and the clerk's filing the notice of appeal. We disagree.

Defendant fails to consider vital distinctions between this instance and that which we considered in *Radunz*. The defendant in *Radunz* challenged the propriety of the guilty plea, which required as a prerequisite to appellate jurisdiction a motion to vacate the plea of guilty, which in turn required the court to admonish the defendant of the necessity of such motion. Because the trial court was required to admonish Radunz of the need to file a petition to vacate the plea of guilty, its failure to do so was sufficient to vest this court with jurisdiction upon the proper filing of a notice of appeal. (*Radunz*, 180 Ill. App. 3d at 739 (court's failure to admonish defendant pursuant to Rule 605(b) excuses a defendant's failure to timely file a Rule 604(d) motion).) Moreover, despite the trial court's omission, the defendant in *Radunz* petitioned this court for remand to the trial court within 30 days so that he could file a motion to vacate the plea of guilty, which he ultimately did. Thus, the State in *Radunz* challenged only the timeliness of Radunz' petition to vacate the plea of guilty. We merely considered the cumulative effect of the trial court's precipitous conduct in appointing an appellate defender and filing the notice of appeal combined with its error in failing to properly admonish Radunz, and only as such conduct related to Radunz' delay in filing his petition to vacate the plea of guilty.

■ However, in the instant case we have no similar failure by the trial court that waives defendant's failure to file a motion to re-

consider the sentence and permits appellate jurisdiction. Unlike a petition to vacate a guilty plea, the court was not required to admonish defendant of the need to file a petition for reconsideration of the sentence. (*People v. Lawrence* (1991), 211 Ill. App. 3d 135, 139.) Nor do we have timely conduct by the defendant to remedy the failure to file a petition for reconsideration of the sentence within the 30-day period. Defendant made no attempt to correct the failure to file a petition for reconsideration of the sentence, either prior or subsequent to the expiration of the 30-day period. Thus, the trial court's conduct in appointing an appellate defender and filing a notice of appeal had no effect on the timeliness of defendant's nonexistent petition for reconsideration of the sentence.

Finally, we note that, although the defendant in *Radunz* petitioned this court for remand so that he could file the petition to vacate the plea of guilty, the supreme court rules expressly provide a means by which the trial court can be revested with jurisdiction and, thus, hear a motion to either vacate a plea of guilty or reconsider a sentence even after a notice of appeal has been filed. A defendant need only petition the trial court to dismiss his notice of appeal pursuant to Supreme Court Rule 309 (134 Ill. 2d R. 309), and, if granted, such motion revests the trial court with jurisdiction to consider a motion for reconsideration of a sentence or to vacate a plea of guilty and perfects a defendant's right to appeal. We note that defendant also failed to avail himself of Supreme Court Rule 309.

As we have no jurisdiction to consider this appeal, we dismiss it.

Appeal dismissed.

REINHARD, P.J., and UNVERZAGT, J., concur.