No. 2--00--1166

 IN THE

 APPELLATE COURT OF ILLINOIS

 SECOND DISTRICT

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit Court
ILLINOIS, ) of Lake County.
 )
 Plaintiff-Appellee, ) )
 i. ) No. 00--CF--866
 )
ERIC D. COLLINS, ) Honorable
 ) John T. Phillips,
 Defendant-Appellant. ) Judge, Presiding.
.
 JUSTICE GROMETER delivered the opinion of the court:
 Pursuant to a negotiated plea agreement, defendant, Eric D. Collins, pleaded guilty to one
count of attempted unlawful possession of a controlled substance with intent to deliver (720 ILCS
5/8--4(a), 570/401(c)(2) (West 2000)). The trial court sentenced defendant to four years'
probation, subject to various conditions. In addition, the court imposed a $100 street-value fine
and a $500 statutory fine. On appeal, defendant argues (1) the cause should be remanded for
compliance with Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) and (2) the fines assessed by the
trial court must be vacated. Alternatively, defendant contends that he is entitled to a $5-per-day
credit against the fines imposed as part of his sentence. For the reasons that follow, we conclude
that defendant has waived his right to appeal but that he is entitled to a monetary credit against
his fines.

 I. BACKGROUND
 In March 2000, defendant was charged by complaint with various drug offenses. Subsequently, a
five-count indictment was handed down against defendant and two other individuals. Defendant was
named only in counts II, IV, and V of the indictment. Count II of the indictment alleged that
defendant committed the offense of unlawful possession with intent to deliver "more than 1 gram but
less than 5 grams" of a substance containing cocaine while within 1,000 feet of a school in
violation of section 407(b)(1) of the Illinois Controlled Substances Act (Act) (see 720 ILCS
570/407(b)(1) (West 2000)). Count IV of the indictment charged defendant with unlawful possession
with intent to deliver "more than 1 gram but less than 5 grams" of a substance containing cocaine in
violation of section 401(c)(2) of the Act (see 720 ILCS 570/401(c)(2) (West 2000)). Count V of the
indictment alleged that defendant committed the offense of unlawful possession of less than 15 grams
of a substance containing cocaine in violation of section 402(c) of the Act (720 ILCS 570/402(c)
(West 2000)).
 Thereafter, defendant entered into an agreement with the State. Under the terms of the
agreement, the State would amend count IV of the indictment to charge defendant with attempted
unlawful possession with intent to deliver "more than 1 gram but less than 5 grams" of a substance
containing cocaine (see 720 ILCS 5/8--4(a), 570/401(c)(2) (West 2000)). In exchange for defendant's
plea to count IV as amended, the State would recommend a sentencing cap of 4½ years' imprisonment
with eligibility for probation and it would nol-pros the remaining two charges against defendant.
At a hearing on May 8, 2000, the trial court admonished defendant pursuant to Supreme Court Rule 402
(177 Ill. 2d R. 402). The parties then recited the factual basis for the plea, and defendant
pleaded guilty to count IV as amended.
 On June 16, 2000, the matter proceeded to sentencing. Before the trial court had the
opportunity to impose sentence, defendant indicated that he wished to withdraw his guilty plea on
the basis that trial counsel was ineffective. The court appointed conflict counsel and continued
the matter.
 On August 8, 2000, defendant filed a motion to withdraw his guilty plea. Defendant's motion
alleged that in light of recent case law he had a defense worth presenting to the charges filed
against him. Accompanying defendant's motion was a Rule 604(d) certificate from his attorney. See
145 Ill. 2d R. 604(d). On August 15, 2000, defendant argued his motion before the court. Among
other things, defendant set forth the factual basis for the defense asserted in his motion. The
trial court commented that defendant's written motion did not contain the factual basis as set forth
at the hearing. However, the court allowed defendant to orally amend his motion to conform with the
argument presented at the hearing and granted him leave to file the amended motion in writing.
Nevertheless, the trial court denied defendant's motion.
 On August 30, 2000, the trial court sentenced defendant to 4 years' probation, subject to
various conditions, including 30 months' periodic imprisonment. In addition, the court assessed a
$100 street-value fine and a $500 statutory fine. The trial court then admonished defendant as
follows:
 "You do have the right to appeal. This is a negotiated plea to the extent that there is
 a cap that was agreed to in the case. Mr. Collins, if you seek to challenge any aspect of the
 plea or sentence as a precondition of filing any appeal you have to file with this Court within
 30 days of today's date a written motion to have the judgment vacated and leave to withdraw the
 plea of guilty. You must set forth all grounds in that motion. You won't be allowed to at a
 later time argue any additional reasons if they are not set forth in the written motion.
 If the motion is granted, the judgment would be vacated and the sentence set aside. You
 would be given your plea back and trial would be set on the charge you pled guilty to. Any
 charges dismissed as a result of these negotiations would be reinstated. If found guilty after
 trial you could be resentenced, and that would be up to the maximum told to you at the time of
 the arraignment.
 A copy of the transcript of the proceedings at the time of your plea of guilty and
 sentencing would be provided to you, and an attorney would be appointed to represent you on the
 motion.
 If you were unsuccessful in the motion [to withdraw the plea of guilty], in order to
 appeal you must file a written motion with the appeals clerk within 30 days following the
 denial of that motion."
 At a hearing on September 27, 2000, defense counsel asked the court to have the clerk prepare
a notice of appeal on defendant's behalf and to appoint the Appellate Defender to represent
defendant on appeal. The court granted both requests, and a notice of appeal was filed the same
day.
 II. ANALYSIS
 Defendant first urges us to remand this cause to the trial court for compliance with Rule
604(d) because the trial court granted defense counsel's request for a notice of appeal despite the
lack of a postsentencing motion. We decline defendant's request for such relief.
 At the time of defendant's plea and sentencing, Rule 604(d) provided in pertinent part:
 "(d) Appeal by Defendant from a Judgment Entered Upon a Plea of Guilty. No appeal taken
 from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30
 days of the date on which sentence is imposed, files in the trial court a motion to reconsider
 the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a
 motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing
 and shall state the grounds therefor." 145 Ill. 2d R. 604(d).
Thus, a defendant must first move to withdraw his guilty plea and vacate the judgment before
appealing from a judgment entered upon a plea of guilty. The primary responsibility for compliance
with Rule 604(d) lies with defense counsel (People v. Oliver, 276 Ill. App. 3d 929, 932 (1995)), and
strict compliance with the rule is required (People v. Dickerson, 212 Ill. App. 3d 168, 170-71
(1991)). A premature motion filed prior to sentencing does not satisfy Rule 604(d) for purposes of
appeal. People v. Ramage, 229 Ill. App. 3d 1027, 1031 (1992). In other words, the defendant must
file the motion to withdraw his guilty plea and vacate the judgment within 30 days after sentence
has been imposed. Ramage, 229 Ill. App. 3d at 1031. Moreover, our supreme court has determined
that Rule 604(d) is a condition precedent to an appeal from a defendant's plea of guilty. People v.
Foster, 171 Ill. 2d 469, 471 (1996); People v. Wilk, 124 Ill. 2d 93, 105 (1988).
 In People v. Janes, 158 Ill. 2d 27, 33 (1994), the supreme court held that, with two
exceptions, the failure to strictly comply with the provisions of Rule 604(d) requires a remand to
the circuit court for the filing of a new motion to withdraw the guilty plea or reconsider the
sentence and a new hearing on the motion. The first exception is where a defendant challenging his
plea fails to file a motion to withdraw his guilty plea. See Foster, 171 Ill. 2d at 471. The
second exception is where a defendant, challenging only his sentence, fails to file a motion to
reconsider the sentence. See Foster, 171 Ill. 2d at 471. In instances where either exception
applies, "the appellate court must dismiss the appeal, leaving the Post-Conviction Hearing Act as a
defendant's only recourse." Foster, 171 Ill. 2d at 471.
 In People v. McKay, 282 Ill. App. 3d 108 (1996), we interpreted Wilk and its progeny to stand
for the proposition that a defendant's failure to file a Rule 604(d) motion does not divest the
appellate court of jurisdiction to hear a defendant's appeal. McKay, 282 Ill. App. 3d at 111.
Instead, we found that the Wilk line of cases holds that a defendant waives his right to appeal by
failing to file a Rule 604(d) motion. McKay, 282 Ill. App. 3d at 111. We noted that, if the
appellate court truly lacked jurisdiction in cases where a defendant failed to follow the dictates
of Rule 604(d), a reviewing court would not be able to entertain appeals from guilty pleas in which
a defendant was not properly admonished under Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)).
See Foster, 171 Ill. 2d at 473 (holding that, where a trial court has failed to issue Rule 605(b)
admonitions, the appellate court may entertain an appeal from a sentence despite defendant's
noncompliance with the written-notice requirement of Rule 604(d)).
 Turning to the case before us, it is clear that defendant's motion to withdraw his guilty
plea, filed prior to sentencing, did not satisfy Rule 604(d). Moreover, the trial court properly
admonished defendant pursuant to Rule 605(b). Despite these admonitions, defendant did not file a
motion to withdraw his guilty plea and vacate judgment after the trial court imposed the sentence.
Under these circumstances, we find that defendant has waived his right to appeal.
 Defendant, however, claims that the trial court implicitly acquiesced in "defense counsel's
evasion of Rule 604(d)." According to defendant, the trial court either erroneously believed that
the presentencing motion was sufficient to satisfy Rule 604(d), or it simply forgot about the need
for a postsentencing motion. In support of his position, defendant relies on Ramage, 229 Ill. App.
3d 1027, and People v. Radunz, 180 Ill. App. 3d 734 (1989). We find both cases distinguishable.
 In Ramage, the defendant pleaded guilty to three counts of child pornography. Prior to the
sentencing, the defendant moved to withdraw his pleas. After denying the defendant's motion, the
trial court imposed the sentence. Although the trial court advised the defendant of his right to
appeal the judgment, the availability of counsel, and the provision of free transcripts, the court
did not admonish the defendant to file a new Rule 604(d) motion. The trial court stated, " 'In
order to appeal, you must within 30 days file with the court a written motion asking--no, you don't.
 You've already done that.' " Ramage, 229 Ill. App. 3d at 1029. In Ramage, we noted that, although
the filing of a Rule 604(d) motion is a condition precedent to an appeal from a plea of guilty, a
defendant may be excused from the precise requirements of the rule if he was misled or prevented
from complying with the rule by an insufficient admonition pursuant to Rule 605(b). Ramage, 229
Ill. App. 3d at 1029. Among other things, Rule 605(b) requires the trial court to inform a
defendant that, before appealing from a plea of guilty, he must file a Rule 604(d) motion. In
Ramage, we concluded that the trial court's comments may have misled the defendant into believing
that he did not have to renew his Rule 604(d) motion after sentencing. Ramage, 229 Ill. App. 3d at
1031.
 In Radunz, the defendant did not file a timely motion to withdraw his guilty plea. However,
we noted that where the trial court fails to admonish the defendant pursuant to Rule 605(b), the
failure to file a timely Rule 604(d) motion will be excused. Radunz, 180 Ill. App. 3d at 739. In
Radunz, we found that the trial court failed to comply with Rule 605(b) because it did not inform
the defendant that compliance with Rule 604(d) was necessary to preserve his right to appeal.
Radunz, 180 Ill. App. 3d at 740.
 In Ramage and Radunz we elected to consider the merits of the defendants' appeals despite the
failure to file a timely Rule 604(d) motion. We did so on the basis that the failure to file a Rule
604(d) motion will be excused where the trial court does not properly admonish the defendant
pursuant to Rule 605(b). Ramage, 229 Ill. App. 3d at 1031; Radunz, 180 Ill. App. 3d at 740. Unlike
the defendants in Ramage and Radunz, defendant in the instant case was properly admonished pursuant
to Rule 605(b) after he was sentenced. It is clear that, in providing such admonishments, the trial
court was aware of the need to file a Rule 604(d) motion and that it did not believe that the
presentencing motion was sufficient to satisfy the requirements of Rule 604(d).
 Defendant also points out that in Radunz we concluded that, even if the defendant had been
properly admonished pursuant to Rule 605(b), the trial court "eliminated any opportunity for [the
defendant] to comply with Rule 604(d) by immediately having a notice of appeal filed on his behalf."
 Radunz, 180 Ill. App. 3d at 740. One week after Radunz was sentenced, his attorney presented a
motion to withdraw as counsel. The court granted the motion and immediately directed the clerk to
file a notice of appeal on the defendant's behalf. Based on these facts, we determined that it
would be unfair to penalize the defendant for errors committed by the trial court. Radunz, 180 Ill.
App. 3d at 740.
 Two factors, however, set the instant case apart from Radunz. First, the record in the case
before us demonstrates that trial counsel, not the trial court, asked to have the clerk prepare a
notice of appeal on defendant's behalf. Second, while the notice of appeal in the Radunz case was
filed only 7 days after the sentence was imposed, defense counsel's request in the instant case was
made 28 days after the sentence was imposed. Consequently, we find that defendant has waived his
right to appeal.
 Defendant also argues that the fines assessed by the trial court must be vacated. However,
because defendant waived his right to appeal, we find that this issue is not properly before us.
Defendant alternatively argues that he is entitled to a $5-per-day credit against the fines imposed
as part of his sentence. See 725 ILCS 5/110--14 (West 2000). The State agrees that defendant is
entitled to a $5-per-day credit against the fines imposed as part of his sentence.
 In People v. Guerrero, 311 Ill. App. 3d 968 (2000), the defendant pleaded guilty to possession
with intent to deliver more than 5,000 grams of a substance containing cannabis. In exchange, the
State agreed to drop other charges pending against the defendant and to recommend a sentencing cap
of 18 years' imprisonment. The trial court sentenced the defendant to 16 years in prison, with
credit for 140 days served, and ordered him to pay certain fees and fines. On appeal, the defendant
argued that he was entitled to a per diem credit against his fine for time served. The State argued
that the defendant waived his right to appeal the issue because he failed to move to withdraw his
guilty plea. Relying on People v. Woodard, 175 Ill. 2d 435 (1997), the Fourth District refused to
find waiver and ruled that the defendant was entitled to the credit. Guerrero, 311 Ill. App. 3d at
971. In so holding, the Guerrero court relied on the following language from Woodard:
 " '[T]he statutory right to a per diem credit is conferred in mandatory terms while being
 subject to a defendant's application. As such, the "normal rules" of waiver do not apply
 [citation], and the right is cognizable on appeal as a matter of course subject to a
 defendant's application for it.' " Guerrero, 311 Ill. App. 3d at 970, quoting Woodard, 175
 Ill. 2d at 457.
 Consistent with Woodard and Guerrero, we are compelled to grant defendant's request for the
per diem credit despite the fact that he waived his right to appeal. The parties agree that
defendant is entitled to a $5-per-day credit for 128 days, or a total of $640. However, section 110-
-14 provides that the credit shall not exceed the amount of the fine. 725 ILCS 5/110--14 (West
2000). Accordingly, defendant is entitled to a full credit against the $600 in fines assessed by
the trial court.
 III. CONCLUSION
 Based on the foregoing, we conclude that defendant has waived his right to appeal. Therefore,
we affirm the judgment of the circuit court of Lake County. However, we modify defendant's
sentencing order to reflect a full credit against his $600 in fines.
 Affirmed as modified.
 BOWMAN and KAPALA, JJ., concur.