NOTICE
Decision filed 12/16/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 190236-U

NO. 5-19-0236

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 17-CF-382 |
| | ) | |
| JOSE M. PINA-HERNANDEZ, | ) | Honorable |
| | ) | Ralph R. Bloodworth III, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the circuit court and defense counsel complied with applicable rules governing guilty pleas, alleged promise to release defendant's girlfriend from custody if defendant pleaded guilty was fulfilled, and no evidence showed that his girlfriend was detained to coerce defendant's plea, the circuit court did not err in denying defendant leave to withdraw his plea. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Jose M. Pina-Hernandez, appeals the circuit court's order denying his motion to withdraw his guilty plea. Defendant's appointed attorney, the Office of the State Appellate Defender (OSAD), filed a motion to withdraw as counsel, arguing that this appeal presents no arguably meritorious issues. See *Anders v. California*, 386 U.S. 738 (1967). OSAD has notified defendant of its motion. This court provided defendant with ample opportunity to file a response, but he has not done so. After reviewing the record and considering OSAD's motion and supporting

1

memorandum, we agree that this appeal presents no issue of even arguable merit. Therefore, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4     Defendant was charged with four counts of predatory criminal sexual assault involving his six-year-old daughter, C.P. Prior to trial, the State moved to admit C.P.'s out-of-court statements to several witnesses. See 725 ILCS 5/115-10 (West 2016). One such witness was defendant's girlfriend, L.G. She was subpoenaed for the hearing but did not appear.

¶ 5     On May 18, 2018, the parties reached a plea agreement in which defendant would plead guilty to count 4 of the indictment with the State dismissing the remaining counts. The circuit court read the charge to defendant and explained that it could sentence him to between 6 and 60 years' imprisonment. The circuit court informed defendant of the rights he was waiving by pleading guilty and defendant repeatedly assured the circuit court that pleading guilty was what he wanted to do. He denied that anyone had forced him to do so.

¶ 6     After the State provided a factual basis, the circuit court found defendant's plea voluntary and continued the matter for sentencing. Defense counsel subsequently moved to withdraw. Defense counsel stated that defendant wanted to withdraw his plea and that she would likely be called as a witness in any hearing on the motion. The circuit court granted the motion and appointed defendant new counsel.

¶ 7     Following a sentencing hearing, the circuit court sentenced defendant to 34 years' imprisonment. The circuit court then informed defendant of his right to appeal. The circuit court explained that, before filing an appeal, defendant had to file either a motion to withdraw his plea or a motion to reconsider the sentence, and that any claims not raised in such a motion would "probably be waived" on appeal.

¶ 8      New counsel did file a motion to withdraw the plea and a certificate of compliance with Illinois Supreme Court Rule 604(d).  See Ill. S. Ct. R. 604(d) (eff. July 1, 2017).  In support of the motion, defendant stated that his original counsel informed him that L.G. had been arrested for not appearing in court and was being held in jail.  He realized that his children would be placed in foster care because both he and L.G. were in custody.  His counsel told him that "everything look[ed] bad" for him and that it would be "better" for him to plead guilty.  She said that as soon as he did so, L.G. would be released from jail.  Defendant pleaded guilty because he wanted "the mother of my children to step out of the jail and that way, my children are going to be saved."

¶ 9      Former defense counsel testified that she knew that defendant and L.G. had two children together.  L.G. had been arrested about the time defendant pleaded guilty, and counsel told defendant that L.G. was in jail.  She told defendant that the State had made a plea offer.  Defendant wanted her to make a "counteroffer," a condition of which was that L.G. would be released.  Counsel denied threatening defendant or promising him that he would receive the minimum sentence if he pleaded guilty.

¶ 10     New counsel argued that it was undisputed that L.G.'s release from jail was a condition of the plea agreement, but that it had not been mentioned during the plea hearing.  The failure to consider this "threat" or "incentive" during the on-record plea discussions rendered the plea involuntary.  The prosecutor explained that L.G. had been jailed only to ensure her presence at future proceedings involving defendant and had been released.  The circuit court denied the motion, finding that the plea was knowing and voluntary.  The circuit court found that the plea was not induced by threats or deception and that counsel had made no misrepresentations.  The circuit court again admonished defendant about his appeal rights.  Defendant timely appealed.

3

¶ 11                                   ANALYSIS

¶ 12    OSAD concludes that it can make no good-faith argument that the circuit court erred by denying defendant leave to withdraw his plea.  OSAD first concludes that the circuit court complied with Illinois Supreme Court Rule 402 and that any argument to the contrary would be frivolous.

¶ 13    Rule 402(a) requires that, before a defendant pleads guilty, the circuit court must ensure that the defendant understands (1) the charges; (2) the applicable minimum and maximum sentences, including any enhancements and potential consecutive sentences; (3) his right to plead guilty or not guilty; and (4) that if he chooses to plead guilty, he waives his right to a jury trial and his right to confront the witnesses.  Ill. S. Ct. R. 402(a) (eff. July 1, 2012).  Substantial compliance with Rule 402 satisfies due process.  *People v. Whitfield*, 217 Ill. 2d 177, 195 (2005).

¶ 14    Here, the circuit court explained the charge, the applicable sentencing range, and the rights defendant would be giving up by pleading guilty.  Although the circuit court did not specifically state that defendant had the right to persist in a not-guilty plea, where a defendant is otherwise fully admonished, a circuit court's failure to inform the defendant of his or her right to persist in a not-guilty plea does not taint the guilty plea.  *People v. Radunz*, 180 Ill. App. 3d 734, 741-42 (1989).

¶ 15    Where a plea agreement exists, Rule 402(b) requires the circuit court to "determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea."  Ill. S. Ct. R. 402(b) (eff. July 1, 2012).  Here, the circuit court asked defendant whether anyone forced him to plead guilty but did not specifically ask whether any additional promises were made.  This is potentially significant in light of defendant's allegation that there was indeed such a promise.  However, as discussed more fully below, the alleged additional promise—to release

4

L.G.—was apparently fulfilled. Under these unique circumstances, we find that the circuit court substantially complied with Rule 402(b) and that its ultimate finding that the plea was voluntary was not an abuse of discretion. *Cf. People v. Sharifpour*, 402 Ill. App. 3d 100, 114 (2010) (failure to ask defendant whether any promises were made was harmless where defendant did not allege any additional promises).

¶ 16    OSAD further contends that there is no good-faith argument that the circuit court failed to comply with Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001), requiring the court to inform a defendant pleading guilty of his appeal rights. The circuit court must inform a defendant, *inter alia*, that he must first move to withdraw his plea or reconsider the sentence, and any issue not raised in a motion "shall be deemed waived." *People v. Dominguez*, 2012 IL 111336, ¶ 12. Substantial compliance with the rule is sufficient. *Id.*

¶ 17    OSAD notes that the circuit court did not strictly comply with the rule because it variously told defendant that any issues not included in a postplea motion "may" be waived or would "probably" be waived. OSAD concludes, however, that the circuit court substantially complied with the rule, and we agree. The circuit court informed defendant of the substance of the rule in that if he wanted to challenge his plea or the sentence, he had to file an appropriate motion and that he had to include all issues he wanted to raise to ensure their consideration on appeal. Defendant could not plausibly argue that he was misled into omitting issues from the motion by the assurance that there existed some possibility that they might be considered on appeal despite the failure to include them in the motion.

¶ 18    OSAD next concludes that there is no good-faith argument that postplea counsel failed to comply with Rule 604(d). Rule 604(d) provides that where a guilty-plea defendant moves to withdraw the plea or reconsider the sentence:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 19    Here, new counsel filed the requisite certificate. She averred that she had consulted with defendant to ascertain his contentions of error in connection with the guilty plea and the sentence, had examined the court file, the report of proceedings for the guilty plea, the report of proceedings for the sentencing hearing, and had tailored defendant's contentions for presentation to the circuit court. Thus, counsel fully complied with the rule.

¶ 20    OSAD further concludes that no good-faith argument exists that the circuit court erred by denying the motion to withdraw the plea. Whether to grant a motion to withdraw a guilty plea rests in the circuit court's sound discretion. *People v. Hughes*, 2012 IL 112817, ¶ 32. A defendant has no absolute right to withdraw a guilty plea. *Id.* Rather, he or she must show a manifest injustice under the facts of the particular case. *Id.* "Withdrawal is appropriate where the plea was entered through a misapprehension of the facts or of the law or where there is doubt as to the guilt of the accused and justice would be better served through a trial." *Id.*

¶ 21    The circuit court reasonably found that defendant's plea was knowing and voluntary. As noted, the circuit court substantially complied with Rule 402. Moreover, the circuit court could reasonably credit defense counsel's testimony that she did not "threaten" defendant or promise that he would receive the minimum sentence. Even accepting at face value defendant's testimony

6

that counsel told him that things "looked bad" for him and that it would be "better" for him to plead guilty, the record does not establish that counsel's assessment was erroneous. Moreover, defendant never asserted that he would have refused to plead guilty and insisted on going to trial absent counsel's statements. See *People v. Hall*, 217 Ill. 2d 324, 336 (2005).

¶ 22　The defendant's principal contention at the hearing was that the plea agreement contained an additional condition not mentioned at the original plea hearing—that L.G. be released. It is not clear that L.G.'s release formed part of the consideration for defendant's plea given that the State intended to release her anyway. In any event, the alleged promise was fulfilled when L.G. was released. While it might have been better practice to state any arrangement regarding L.G.'s release on the record, defendant was not prejudiced by the failure to mention it because he ultimately received the benefit of his bargain.

¶ 23　We note that, although the defendant referred to an alleged "threat" to detain L.G., there is no evidence in the record that the L.G. was arrested and detained with the intent of coercing defendant into pleading guilty. Instead, the record shows that L.G. was arrested because she ignored subpoenas for previous hearings and was jailed solely to secure her presence at future proceedings. When defendant's guilty plea made her testimony unnecessary, she was released. Moreover, the uncontested evidence was that the idea to link L.G.'s release to defendant's plea came from defendant himself. Thus, defendant's plea was not involuntary due to an unfulfilled promise.

¶ 24　Finally, OSAD concludes that no meritorious argument can be made that defendant's sentence was an abuse of discretion because defendant did not move in the circuit court to reconsider the sentence. See *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003) (filing of a Rule 604(d) motion is a condition precedent to an appeal from a judgment resulting from a guilty plea).

¶ 25                        CONCLUSION

¶ 26    Accordingly, we agree with OSAD that this appeal presents no issue of even arguable merit. We grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 27    Motion granted; judgment affirmed.