NOTICE

Decision filed 02/23/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240650-U

NO. 5-24-0650

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 23-CF-47 |
| | ) | |
| LAYCELL D. WRIGHT, | ) | Honorable |
| | ) | Roger B. Webber, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CLARKE* delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the record rebuts postplea counsel's certification of compliance with Rule 604(d), we vacate the judgment denying the defendant's postplea motion, and the cause is remanded for new postplea proceedings with the appointment of new counsel.

¶ 2                               I. BACKGROUND

¶ 3    We limit our recitation to those facts relevant to our disposition of this appeal. We will recite additional facts in the analysis section as needed to address the parties' arguments.

¶ 4    On January 17, 2023, the defendant, Laycell D. Wright, was charged by information with three offenses arising out of an incident alleged to have occurred on August 16, 2015. Count I alleged home invasion, a Class X felony (720 ILCS 5/19-6(a)(2) (West 2022)); count II alleged

_____

*Justice Moore was originally assigned to the panel before his retirement. Justice Clarke was substituted on the panel and has listened to oral arguments and read the briefs.

1

criminal sexual assault, a Class 1 felony (720 ILCS 5/11-1.20(a)(1) (West 2022)); and count III alleged aggravated criminal sexual assault, a Class X felony (720 ILCS 5/11-1.30(a)(2) (West 2022)). The defendant was arraigned the same day. Initially, the defendant was appointed counsel from the public defender's office. On April 18, 2023, private counsel filed a motion for substitution and entered an appearance on behalf of the defendant.

¶ 5    On November 8, 2023, the defendant pled guilty via an open plea to counts I and III of the information, home invasion and aggravated criminal sexual assault. In exchange, count II, criminal sexual assault, was dismissed. The circuit court admonished the defendant pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012), including that the offenses were subject to mandatory consecutive sentencing, and accepted the plea. The circuit court set the defendant's sentencing hearing for December 19, 2023.

¶ 6    Following the plea but prior to sentencing, the defendant filed multiple *pro se* filings seeking to withdraw his guilty plea and expressing dissatisfaction with plea counsel. Specifically, on November 27, 2023, the circuit court received two *pro se* letters from the defendant requesting to withdraw his plea, asserting his counsel was ineffective, and demanding to proceed *pro se*. On November 29, 2023, the defendant filed a *pro se* form motion to withdraw his guilty plea. On December 1, 2023, the circuit court received additional *pro se* letters reiterating the defendant's desire to withdraw his plea and to proceed *pro se*. On December 5, 2023, the circuit clerk sent the defendant notice that his request to withdraw his guilty plea would be addressed at the December 19 sentencing hearing date.

¶ 7    At the hearing on December 19, 2023, prior to sentencing, the circuit court addressed the defendant's *pro se* filings. After admonishing the defendant pursuant to Illinois Supreme Court Rule 401(a) (eff. July 1, 1984), the circuit court allowed the defendant to waive counsel and

2

proceed *pro se*, granted counsel leave to withdraw, and declined to rule on the defendant's motion to withdraw his guilty plea on the basis that it was premature. The circuit court then proceeded to the sentencing hearing, during which the defendant represented himself. The circuit court sentenced the defendant to 28 years' imprisonment on each count, to be served consecutively, for an aggregate sentence of 56 years in the Illinois Department of Corrections, followed by an indeterminate mandatory supervised release period of 3 years to life.

¶ 8    On January 2, 2024, the defendant filed a *pro se* motion to withdraw his guilty plea. Upon request of the defendant, the circuit court appointed postplea counsel from the public defender's office to assist the defendant in any postplea motions.

¶ 9    On May 8, 2024, postplea counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024) and an amended motion to withdraw guilty plea and vacate the judgment. In the amended motion, the defendant argued that his plea of guilty was not made voluntarily or intelligently and that his plea counsel was ineffective for failing to accurately convey the terms of the plea prior to open court. He argued that he was misinformed as to the potential sentencing range he was facing and that plea counsel "threatened [him] with a sentence of life imprisonment." The defendant did not raise any argument or challenge to his waiver of counsel or the admonishments given by the circuit court related thereto. Additionally, the amended motion did not seek reconsideration of the defendant's sentence or otherwise challenge the sentencing proceedings.

¶ 10    On May 15, 2024, the circuit court conducted a hearing on the amended motion to withdraw guilty plea at which the defendant's plea counsel testified. After considering the evidence presented and arguments by counsel, the circuit court denied the defendant's amended motion. We

3

note, at the conclusion of the hearing, the following statement was made by the defendant's postplea counsel to the circuit court:

> "Your Honor, I—my reading of the record is that because he pled open with no cap, that should he desire it, there is also a possibility of a motion to reconsider sentence prior to filing his appeal. I'd ask the Court to re-admonish him about that so that I might have that discussion with him."

Thereafter, the circuit court admonished the defendant, but the State noted that the time for filing a motion to reconsider the sentence had already lapsed. Immediately following, postplea counsel requested that the appellate process be initiated and asked the circuit clerk to file a notice of appeal for the defendant. On May 20, 2024, the defendant filed a timely notice of appeal.

¶ 11                                    II. ANALYSIS

¶ 12    The defendant raises two issues on appeal. First, he argues that the circuit court violated Illinois Supreme Court Rule 401(a) and the sixth amendment by allowing him to represent himself at sentencing without ensuring a knowing, voluntary, and unequivocal waiver of counsel. As relief, he requests this court to reverse and remand for resentencing. Second, he contends that postplea counsel failed to comply with Illinois Supreme Court Rule 604(d) and provided ineffective assistance, requiring remand for new postplea proceedings with new counsel.

¶ 13    We first address the defendant's second argument that postplea counsel failed to comply with Rule 604(d) and provided ineffective assistance. The defendant asserts that counsel misunderstood her obligations under the rule, failed to raise any sentencing challenge in an open-plea case, and failed to adequately support his motion to withdraw his guilty plea with available evidence. The defendant contends that these deficiencies rebut the presumption of compliance created by counsel's Rule 604(d) certificate and require remand for new postplea proceedings with new counsel.

4

¶ 14    The State responds that counsel filed a facially valid Rule 604(d) certificate, giving rise to a presumption of compliance. It argues that counsel was not required to raise sentencing issues where the defendant's *pro se* motion focused on withdrawing the guilty plea, and that the defendant cannot demonstrate prejudice from counsel's alleged omissions.

¶ 15    Strict compliance with Rule 604(d) is mandatory. *People v. Janes*, 158 Ill. 2d 27, 33 (1994). Although a facially valid certificate creates a presumption of compliance, that presumption may be rebutted where the record affirmatively demonstrates counsel's failure to fulfill her duties under the rule. *People v. Diaz*, 2021 IL App (2d) 191040, ¶ 23.

¶ 16    Illinois Supreme Court Rule 604(d) requires, *inter alia*:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024).

This requirement is to ensure that counsel has reviewed the defendant's claims and considered all relevant bases for the motion and brought them to the trial court's attention before an appeal is taken. *People v. Tousignant*, 2014 IL 115329, ¶¶ 15-16.

¶ 17    Here, although postplea counsel filed a facially valid Rule 604(d) certificate stating that she had consulted with the defendant regarding "contentions of error in the entry of the plea of guilty and in the sentence," the record affirmatively rebuts that representation. At the conclusion of the hearing on the amended motion to withdraw the plea, counsel stated:

"Your Honor, I—my reading of the record is that because he pled open with no cap, that should he desire it, there is also a possibility of a motion to reconsider sentence prior to filing his appeal. I'd ask the Court to re-admonish him about that so that I might have that discussion with him."

This statement is significant in two respects. First, counsel indicated that she had not yet discussed with the defendant the possibility of seeking reconsideration of his sentence and requested additional admonishments so that she could have that conversation. Second, and more critically, her request reflected a misunderstanding of the governing procedure, as the 30-day period for filing a motion to reconsider the sentence had already expired.

¶ 18    Rule 604(d) requires counsel to examine the sentencing proceedings and to make any amendments necessary for the adequate presentation of sentencing defects before certifying compliance. Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). Where counsel represents that she has consulted with the defendant about sentencing errors yet later expresses an intent to discuss a sentencing challenge she incorrectly believes remains procedurally available, the record does more than suggest strategic choice—it affirmatively undermines the certification itself. The demonstrated misunderstanding regarding the availability of sentencing relief rebuts the presumption that counsel strictly complied with the requirements of Rule 604(d).

¶ 19    Under these circumstances, the record rebuts the presumption that counsel fully complied with Rule 604(d). Because strict compliance with the rule is required, the appropriate remedy is to vacate the judgment on the postplea motion and remand for further postplea proceedings with the appointment of new counsel. See *Janes*, 158 Ill. 2d at 33-36. Where remand to the circuit court is required, and the defendant is afforded the opportunity to file a new motion to withdraw his guilty plea and reconsider sentence, if so desired, we decline to address the defendant's remaining contentions of error.

6

¶ 20                                    III. CONCLUSION

¶ 21     For the foregoing reasons, we vacate the circuit court's order denying the defendant's motion to withdraw his guilty plea and remand the case for further Rule 604(d) proceedings including: (1) the appointment of new counsel, (2) the filing of new postplea motions, if so desired, (3) a new hearing on the defendant's postplea motions, and (4) strict compliance with Rule 604(d) requirements.

¶ 22     Vacated and remanded.